## DAVIS *v.* BURT *et al.*

Where an original notice was addressed to Luther Burt, and the return thereon showed service on "L. Burt;" *Held,* That the court was authorized to infer that the person returned served by the sheriff, was the person named in the notice.

Where a defendant is not found, and service of the original notice is made by leaving a copy at his residence, the return should state at whose house, and the name of the person with whom the copy was left, or a sufficient reason given for omitting to do so; that the house was the defendant's usual place of residence; and that the person with whom a copy was left, was a member of his family, and more than fourteen years of age.

It is only where the defendant is not found, that the service of an original notice by copy, is authorized; and unless the return of the officer shows such a state of facts, as authorizes him to serve the writ by copy, it will be deemed insufficient.

The district court will be presumed to know who is the sheriff of the county in which the court is sitting, and to take judicial notice of all the officers of the court.

Where the return on an original notice is signed, " J. J., Sheriff," without designating of what county J. J. is sheriff, or it appearing that he was sheriff of the county in which suit was brought, it is to be presumed that the court knew that J. J. was sheriff of the proper county.

Where it is sought to reverse a judgment of the district court, rendered by default, on the ground that the court erred in acting upon the return of process by a person who was not the sheriff of the proper county, and where the return is signed by a person who designates himself "sheriff," without stating of what county, the fact that the person signing the return was not sheriff, or was not sheriff of the proper county, must be made to appear, before the appellant can question the correctness of the action of the district court.

Where the defendant fails to appear to the action, the final judgment rendered, must be understood as embracing a judgment against the defendant by default. In such a case, the defendant is not prejudiced by the omission of the court, to enter a judgment by default against him.

Where in an action against the maker and indorsers of a promissory note, the original notice read as follows: "You are hereby notified that there is now on file in the office of the clerk of the district court in Marion county, Iowa, a petition of Hugh W. Davis, claiming of you the sum of $108,75, as money due on a promissory note, and that un-less you appear," &c.; *Held,* That the notice sufficiently apprised the indorsers of the note, of the claim made against them.

Objections to a judgment, which do not go to the jurisdiction of the dis-

Davis v. Burt et al.

trict court, to hear and determine the cause, and which can only be properly taken by demurrer or answer, are not available when made first in the supreme court.

## Appeal from the Marion District Court.

### WEDNESDAY, OCTOBER 20.

Action upon a promissory note.  The original notice was addressed to the defendants, and reads as follows: " You are hereby notified that there is now on file in the office of the clerk of the district court in Marion county, Iowa, a petition of Hugh W. Davis, claiming of you one hundred and eight dollars and seventy-five cents, as money due on a promissory note ; and that unless you appear and answer thereto, on or before the 22d day of September, 1857, judgment will be rendered against you thereon," and was signed by the attorney of the plaintiff.  On the back of the notice was indorsed the following return :

" This came to hand, Sept. 9th, 1857, and served the same day, by reading to W. B. Davidson and L. Burt, and Sept. 10th, by reading to W. S. Davidson ; and by certified copy left with Joseph Kerr's wife, at his usual residence.  No copy of petition demanded.

JONATHAN JONES, Sheriff."

The defendants failing to appear, final judgment was rendered against them, for the amount due upon the note. The indorsers of the note appeal.  The errors assigned sufficiently appear in the opinion of the court.

*J. E. Neal*, for the appellants.

*George May*, for the appellee.

STOCKTON, J.—I. Judgment was rendered against the defendants by default.  It is first objected by the appellants, that the court erred in rendering a judgment against Luther Burt, for the reason that the notice was to him by his real name, and the return of the sheriff

shows that the notice was served on "L. Burt." We think that this objection is not well taken. The district court was authorized to infer, that the person returned served by the sheriff, was the person named in the notice. The objection taken by the appellants, at any rate, comes too late, when first made in this court, after judgment in the district court in a suit to which they made no defence.

II.   The second objection is, that the service upon Joseph Kerr was insufficient to give the court jurisdiction. The return made by the sheriff to the notice states that it was "served by certified copy left with Joseph Kerr's wife, at his usual residence." This may have been a sufficient designation of the house, and of the name of the person where, and with whom, the copy was left. But it is not sufficient that the sheriff has left it to be presumed, that the wife was more than fourteen years of age. The return, to be entirely accurate, should state at whose house, and the name of the person with whom the copy was left, or a sufficient reason must be given for omitting to do so. The house should be stated to be the defendant's usual place of residence, and the person with whom a copy is left, should be stated to be a member of his family, more than fourteen years of age. As little as possible should be left to be supplied by presumption or inference. The return of the sheriff, in this respect, was insufficient. Code, sections 1721–1723.

III.   The next objection to the return is, that it does not show any authority in the officer to serve the notice, by leaving a copy at the defendant's residence, by first showing that the defendant was "not found." It is only where the defendant is not found, that the service by copy is authorized to be made; and unless the return of the officer shows such a state of facts, as authorizes him to serve the writ by copy, it will be deemed insufficient.

IV.   The fourth objection to the sheriff's return is, that it is signed "Jonathan Jones, Sheriff," without it appearing that Jones was sheriff of Marion county, where the

Davis v. Burt et al.

suit was brought, or that the notice was served in that county. The court, sitting in Marion county, will be presumed to know who is the sheriff of the county, and to take judicial notice of all the officers of the court. It is undoubtedly the duty of sheriffs and other officers, to designate the particular county, district, or place, in which they exercise their functions. In this case, however, it is not made to appear to us, that the district court has committed an error, in acting upon the return of process by a person who was not the sheriff of Marion county. If Jones was the sheriff of some other county than Marion, or if he was not the sheriff of Marion county, the fact ought to have been made to appear; and it must so appear, before the defendants can question the correctness of the action of the district court.

V. The objection that the court rendered judgment against the defendants, without having first entered a default against them, is not valid. It does not appear to us, that they were prejudiced by reason of the court not first entering a judgment by default against them. The final judgment rendered, must be understood as embracing a judgment against the defendants by default. This question has already been decided by this court, in several causes determined at the June term, 1858.

VI. The remaining objection taken by the defendants, to the sufficiency of the notice—to the want of any averment in the petition, that the note sued on had been duly presented for payment to the makers, and that the appellants, the indorsers, had been notified of the non-payment thereof; and to the want of any evidence that the note was the property of the plaintiff—are not well taken. The notice, we think, sufficiently apprised the appellants of the nature of the claim made against them, to put them upon their defense, and to authorize the judgment by default. The other objections do not go to the jurisdiction of the court to hear and determine the cause, and could only properly be taken upon demurrer or answer. They are not available, when made first in this court.

For the reasons, however, above set forth, the judgment as to the appellants, Burt and Kerr, will be reversed, and the cause remanded for further proceedings.

Judgment reversed.