## BOWEN et al. v. GILKISON et al.

An affidavit for an attachment, under section 1848 of the Code, on the ground that the defendant is in some manner about to dispose of his property, without leaving sufficient remaining for the payment of his debts, should also aver that such contemplated disposition of property, was with the intent to defraud creditors.

*Lockard & Co.* v. *Eaton*, 3 G. Greene, 543, commented on and followed.

Where an affidavit for a writ of attachment, alleged "that the said defendants are in some manner about to dispose of their property, without leaving sufficient remaining for the payment of their debts;" and where the defendants moved to dissolve the attachment, for the reason that the affidavit did not aver that the threatened disposition was with a fraudulent intent, which motion was overruled; *Held*, That the court erred in overruling the motion.

*Appeal from the Linn District Court.*

MONDAY, APRIL 4.

The plaintiffs, in their petition, ask for an attachment,

and for cause, state under oath, "that said defendants are in some manner about to dispose of their property, without leaving sufficient remaining for the payment of their debts." A motion was made to dissolve the attachment, for the reason that the cause stated was not sufficient to entitle plaintiffs to the writ—the law requiring that they should state the manner in which defendants were disposing of their property, and that it was with a fraudulent intent. A demurrer was interposed for the same causes, and a plea denying the sufficiency of the bond, upon the grounds that the persons signing the names of the principal, had no authority to so sign, and for the further reason that the sureties did not sign the same in the manner required by law. The objections to the affidavit and bond were overruled. Judgment for plaintiffs, and defendants appeal.

*Wm. Smyth*, and *Isbell, Hubbard & Stephens*, for the appellants.

*I. M. Preston*, for the appellees.

WRIGHT, C. J.—According to the decision made in *Lockard & Co.* v. *Eaton*, 3 G. Greene, 543, the affidavit is clearly bad. It is suggested, however, that that case is overruled by *Danforth, Davis & Co.* v. *Carter & May*, 1 Iowa, 546. This is not our understanding of the remarks there made. The affidavit in the latter case was, "that the defendants were about to dispose of their property, with intent to defraud their creditors," complying strictly with the ruling made in the first case. It was therefore unnecessary then to re-examine the question, for the affidavit contained the allegation of fraud, which was held to be essential. All that was there said was, that we did not wish to be understood as concurring in the construction, given in the first case to all of section 1848. This was done that we might not be concluded by such construction against any re-examination of it in a case legitimately presenting the question of its correctness.

And were we called upon now, for the first time, to give a construction to said section, we admit that some of us, at least, would not concur in that given by our predecessors. That decision was made, however, in 1852. Since that time, we have had several sessions of the general assembly, and the legislature has amended this very section, (Laws of 1853, 143); but nothing has been done indicating that it was the intention of the law-making power, to give an attachment for the cause stated in this affidavit, or that the construction given was not in accordance with the intention and spirit, if not the letter, of the law. That decision has been followed uniformly by all the courts; and under such circumstances, we deem it better to permit the construction to stand, than to now attempt to give it another and different one.

The other questions made in the case, we need not now notice. They are sufficiently well settled by the cases of *Sackett, Belcher & Co.* v. *Partridge & Cook*, 4 Iowa, 416.

Judgment as to the attachment proceedings reversed.