## Pittman & Bro. *v.* Searcey.

Where an attachment is sued out under section 1848 of the Code, on the ground that the defendant is, in some manner, about to dispose of, or remove his property out of the state, without leaving sufficient remaining for the payment of his debts, the affidavit should also allege that such disposition or removal of the property, was with the intent to defraud creditors.

Where it is assigned as error, that the court would not permit a party to amend his affidavit for a writ of attachment, or that the order quashing the writ, was made unconditionally, the record should show that the party asked leave to amend, and that such leave was refused by the court; and unless these facts appear from the record, it is not shown affirmatively that there was error.

Whether a motion to quash a writ of attachment constitutes a special or general appearance, the defendant has the right to appear and object to the writ; and his subsequently making default, is no ground of complaint to the plaintiff.

*Appeal from the Lucas District Court.*

Friday, April 15.

Suit upon a promissory note, commenced by attachment. As a ground for the attachment, the petition alleged, that the defendants were about, in some manner, to dispose of, or move their property out of the state, without leaving sufficient remaining for the payment of their debts. The defendants, "for the purpose of appearing to the attachment branch of this case, and for no other purpose," moved that the attachment be quashed, for the following reasons:

1. The petition does not state in what manner said defendants are about to dispose of their property, or whether said defendants are about to dispose of their property, or remove it out of the state.

2. The said petition does not aver that the said disposition or removal of property, is done with the intent to defraud creditors.

3. The affiant to the petition does not show that he is informed of the facts stated therein, or that he is the agent

or attorney of plaintiff, and as such authorized to make the affidavit.

The motion was sustained, and the attachment quashed, from which order the plaintiff appeals.

*Williamson & Nourse*, for the appellant.

No appearance for the appellee.

WOODWARD, J.—It does not appear for which of the three causes assigned, the court sustained the motion, or whether for all. The attachment was prayed under section 1848 of the Code, and the petition and affidavit allege, that the defendants were, in some manner, about to dispose of or remove their property out of the state, without leaving sufficient remaining for the payment of their debts, which are the words of the statute.

The above section mentions several classes of causes for the issuing of an attachment. A portion of them depend upon an intent, and a portion are not thus dependent. In one case, the necessity of the intent to defraud his creditors, is expressed—that is, where the debtor has disposed of his property, in whole or in part. And in *Lockhard* v. *Eaton*, 3 G. Greene, 543, it is held that this intent is also necessary to be alleged, where the cause of attachment is, that he is in some manner about to dispose of, or remove his property out of the state, without leaving sufficient remaining for the payment of his debts. It is not desirable to reason upon this question, at this time, but refer to the considerations presented in that case, and in *Bowen et al.* v. *Gilkison et al.*, 7 Iowa, 503, in which the case of *Lockard* v. *Eaton* is followed. By these cases it is now settled, that the intent to defraud his creditors, should be averred in respect to both the acts above referred to; and as this point disposes of the case so far as relates to the attachment, it becomes useless to pursue the other objections urged to the ruling of the court in quashing the attachment.

But there are one or two other points to be noticed. It is

assigned as error, that the court did not permit the party to amend his affidavit, or that the order to quash was made unconditionally. It does not appear by the record, whether the court gave leave to amend or not, nor whether the plaintiff applied for such leave. The record is silent, merely stating that the motion to dissolve, was sustained and the attachment quashed. Then the question really is whether the record must show that such leave was given, or whether the plaintiff must cause it to appear, that he applied for leave, and that it was refused. We do not think it error, if the record does not show affirmatively that permission was given. The party should apply for leave, and cause it to appear of record, if it is refused. This does not stand upon equal ground with the case, where a demurrer to the petition, for instance, has been sustained, in which the judgment, (in our practice), is properly a *respondens ouster*, and shows that, upon failure to answer over, judgment is rendered. In the present case, there is nothing showing that leave to amend was refused. If it was so, the party should have caused it to appear of record. The counsel refers to Drake on Attachments, as saying that judgment should be conditional, but the edition to which we have access, does not sustain this position.

Another error is alleged to exist, in the court permitting a special appearance of the defendant to the attachment proceedings, and entertaining the motion to quash, upon such an appearance. The appearance of the party may have amounted to one in full, or to a general one for all purposes, but yet, admitting that the coming in for this purpose is, in effect, a full appearance, it does not lie with the court to prevent the party making a default afterward, in the action. He has the right to appear and make the objection, and his subsequently making default, is no ground of complaint to the plaintiff. We do not undertake to say whether such an appearance is, or is not, one in full. It is not necessary to determine this, but whichever it may be,

we do not know how he could be prevented making default in the action.

Therefore, as it does not appear that there is error in the record or the judgment aforesaid, the same is affirmed.