Chittenden & Co. v. Hobbs, et al.

---

## CHITTENDEN & Co. v. HOBBS *et al.*

1. **SERVICE OF NOTICE.**    The substituted service of notice, or service by leaving a copy of the notice at the residence of the defendant, is not

sufficient, if the return does not show that the defendant was not found.·

2. APPEARANCE. An appearance in an action, by a motion to dissolve an attachment, waives defects in the service of the original notice.

3. ATTACHMENT: AFFIDAVIT. An affidavit showing cause for an attachment, may be made by plaintiff's attorney. *Bates* v. *Robinson*, 7 Iowa 318, cited and followed.

4. SAME: AMOUNT CLAIMED. . When the petition in the case, which is verified, states the amount claimed by the defendant, a similar averment in the affidavit for the attachment is unnecessary.

5. ATTACHMENT AGAINST ONE OF SEVERAL DEFENDANTS. In an action against ·the joint and several makers of a promissory note, an attachment may, for sufficient cause alleged, be issued against the property of but one.

6. CASES OVERRULED. *Courier* v. *Cleghorn*, 3 G. Greene 523; and *Ogilvie* v. *Washburn*, 4 Ib. 548, considered and overruled.

7. ALLEGATION. An·allegation, in a petition for an attachment, that the defendant is in some manner about to dispose of his property without leaving sufficient for the payment of his debts, is insufficient if not accompanied by the further averment of an intent to defraud creditors.

## *Appeal from Delaware District Court.*

### WEDNESDAY, OCTOBER 26.

Hobbs as principal, with Mallory and Penn as his sureties, made a joint and several promissory note to plaintiffs. This action was brought against all of them on this note, and an attachment prayed for and issued against Hobbs. In the District Court, Hobbs moved to dissolve the attachment, which motion was sustained. Neither of the defendants appeared to the main action, and judgment was rendered against them for the amount claimed, with interest. Hobbs and Mallory appeal from this judgment, and the plaintiffs from the order dissolving the attachment.

*Bissell, Mills & Shiras*, for the plaintiffs.

*A. E. House*, for the defendants.

WRIGHT, C. J.—As to Hobbs, the original notice was returned served as follows: "Served on C. W. Hobbs, by leaving a copy of this notice at his house, with Miss Hobbs,

the wife of the within named C. W. Hobbs, she being over 14 years of age, this 25th day of January, A. D. 1858." The return of service on Mallory was substantially the same.

In one respect, at least, this return is defective.    To authorize the substituted service, or service by copy left at the residence of defendants, it should appear affirmatively from the return that defendants were not found.    *Davis* v. *Burt,* 7 Iowa 56; *Converse* v. *Warren,* 4 Iowa 158.    As to Mallory, therefore, there was no jurisdiction.    And the same is true as to Hobbs, but for the fact that he appeared and moved to dissolve the attachment.    His appearance was not expressed to be *special,* nor to question the jurisdiction of the court. By this appearance he must be bound, and cannot now be permitted to object to the service.    *Ulmer* v. *Hiatt,* 4 G. Greene 439; *Clarke* v. *Blackwell,* Ib. 441; *Milbourn* v. *Fouts,* Ib. 346.

Several objections were made to the affidavit for an attachment.    These we shall briefly consider in their order:

*First,* That the affidavit was made by the plaintiffs' attorney, and not by them.    This, it has been held, may be done. *Bates* v. *Robinson,* 8 Iowa 318.    The affidavit shows that the person making it, was the plaintiffs' attorney, and that he had knowledge of the matters stated therein.

*Second,* It is objected that the affidavit does not state what amount, or that any amount is due from Hobbs to plaintiffs. The petition for the attachment claims and avers that there is due to plaintiffs from all the defendants, a certain amount (naming it) of money, and this petition, in all its parts, is sworn to in due form.    This is sufficient.    It is the petition and not the affidavit attached to it, which is to state the amount claimed to be due.    Code, sections 1848–9.

*Third,* Are the grounds stated, for the attachment, sufficient?    They are stated cumulatively thus: "that the said Charles W. Hobbs, one of the defendants, is in some manner about to dispose of his property without leaving sufficient remaining for the payment of his debts; and further, said affiant states that he verily believes the said defendant,

Charles W. Hobbs, has property, goods, choses in action not exempt from execution, which he refuses to give either in payment or security of said debt." The petition then proceeds to state that a demand was made of property in payment or security, which was refused, giving the time of demand, &c. The first ground as stated, is insufficient under section 1848 of the Code. There should have been the further averment that the disposition of property, about to be made by the debtor, was with the intent to defraud his creditors. Bowen & McNamee v. Gilkeson, et al, 7 Iowa 503; Pitman & Bro. v. Searcy, 8 Iowa 352.

The second ground is well and sufficiently stated, and justified the attachment, unless the fourth and only remaining objection to be considered is well taken. Upon this affidavit and petition, were plaintiffs entitled to an attachment against the defendant Hobbs, without some averment as to the insolvency, or the like, of the other defendants? It is claimed that they were not under the rule settled in Courier v. Cleghorn, 3 G. Greene 523, and Ogilvie v. Washburn, 4 Ib. 548. The case before us may be distinguished from that first cited; this action being against the makers of a joint and several promissory note, and the attachment issued against one of them and he the principal; whereas that was against a partnership. But the discussion of this distinction is immaterial, inasmuch as the second case is directly in point and if followed will be decisive in favor of the ground assumed by the defendants. Without quoting at length, the doctrine of the case relied on, may be found in this language: "The facts necessary to justify an attachment shall exist as to all the debtors to a joint and several obligation, or if the facts do not apply to all, it should appear that the remaining debtors are insolvent, before there can be occasion for that process." In our opinion, this ruling is not law. It improperly limits the rights of the creditor and loses sight of the obligation of the debtor. The creditor has a right to the security afforded him, by the property of each one of the joint and several promissors. If either shall, in a manner

contrary to law, within the meaning of the statute on attachments, decrease or take from this security, by the disposition or removal of his property, the creditor has a right to the process.   He is not bound to wait until one shall be guilty of such fraud, as justifies the writ—until another shall be a non-resident, and the third become insolvent; but if either shall be in a position which would justify an attachment if he was the sole promisor, he is alike liable where he promises with others.   And then the requirement that the affidavit or petition should show that the facts stated exist as to all the debtors, or if not, that the remaining ones are *insolvent*, is one not made by the law.   The solvency or insolvency of another party to a note, is a matter of no kind of importance, so far as the right to the writ is concerned.   If the plaintiff was abundantly secure, this fact may become material when considering his motives and the question of damages, in an action brought for the wrongful suing out of the attachment.   But if insolvency must exist as to the other debtors, before an attachment can issue against one who is otherwise clearly liable, then why would not the same reasoning give the plaintiff the writ, or at least part of its fruits, in a case where the other debtors were only able to pay a portion of the debt?   Thus, if the debt was $1000, against two, and one should dispose of his property with a fraudulent purpose, and the other, being no otherwise indebted, should have but $500 worth of property subject to execution, then the *spirit* of the reasoning used in the case referred to, would give an attachment against the fraudulent debtor, while its letter would deny it, except as to five hundred dollars.

This brief statement of the consequences to result from the doctrine established must be sufficient to show its fallacy. There is no warrant for it in the language of the statute. And it receives no support upon principle, when the relative rights of the parties are considered.   The creditor has a right to *all* his security, and is not compelled to rely upon a part of it, where the other is taken or withheld from him in a manner or under circumstances condemned by the law.

The order dissolving the attachment is reversed, and the judgment against Mallory, because of the defect of service, set aside and cause remanded.