GRANT v. HARLOW *et al.*

</div>

1. SERVICE OF NOTICE. To render a service of notice by leaving a copy at the usual place of defendant's residence with a member of his family over fourteen years of age sufficient, it must show that the defendant could not be found.

<div align="center">

*Aypeal from Howard District Court.*

THURSDAY, APRIL 11.

</div>

FORECLOSURE of a mortgage. Judgment by default against the defendants who appeal. The original return of the sheriff on the notice showed that it was served on the defendant Harlow, "by leaving a copy at his usual place of residence, on the 13th day of October, 1859, with a member of the family over fourteen years of age, a daughter of defendant, &c." The decree was entered on the 25th day of October, 1859. Notice of appeal was served on the 23rd of May, 1860. On the 25th day of June, 1860, on motion of plaintiff, the sheriff made an amended return, showing that the notice was served on the defendant "Harlow, by leaving a copy of the same at his usual place of residence, on the 13th

day of October, 1859, with Harriet Harlow, a member of said Harlow's family, she being more than fourteen years of age, and a daughter of said Harlow."

*Willett & Burdick* for the appellant, relied on *Harmon* v. *Lee*, 6 Iowa 171; *Pilkey* v. *Gleason et al*, 1 Ib. 85; *Davis* v. *Burt et al*, 7 Ib. 56.

*Baugh, Stoneman & Mead* for the appellee.

LOWE C. J.—The service in this case upon Harlow, the mortgagor and principal defendant, even after it was amended by the sheriff according to the facts, was defective and gave the court no jurisdiction over his person. The return shows that the service was attempted to be made by leaving a copy of the notice at his usual residence, with his daughter, Harriet Harlow, a member of the family over fourteen years of age. But it does not appear from the return that Harlow himself could not be found. Upon the authority of several decisions made by this court this is sufficient error to reverse this cause. *Davis* v. *Burt et al*, 7 Iowa 56; *Chittenden & Co.* v. *Hobbs et al*, 9 Iowa 417.

Reversed.