## TAVENOR v. REED.

1. SERVICE OF NOTICE. A return of an original notice read as follows: "Served the within notice by reading to, and leaving a copy of the same with the mother of the within named, she being a member of her family, and over fourteen years of age (at her residence) the within named defendant, not being found." *Held*, insufficient in this: 1. It does not show that the "usual place" of defendant's residence. 2. It does not give the name of the person with whom the copy was left.

*Appeal from Dubuque City Court.*

TUESDAY, JUNE 5.

ACTION on a promissory note. The defendant failed to appear, a default was entered and judgment rendered for the plaintiff. Defendant appeals. The material facts are stated in the opinion of the court.

*Wilson, Utley & Doud* for the appellant, relied upon *Con-*

verse, *Admr.* v. *Warren*, 4 Iowa 158, and cases there cited; *Winchester* v. *Cox*, 4 G. Greene 121; *Foley* v. *Connelly*, 9 Iowa 240; *Carr* v. *Kopp*, 3 Iowa 80.

*John T. Lovell* for the appellee.

BALDWIN, J.—The only question presented by appellant in this cause is, whether the return of the officer upon the original notice shows that the service upon defendant was so made as to give the court jurisdiction over the person. It is claimed by the defendant, the appellant, that the court erred in rendering judgment against her before she had been properly served with notice of such proceedings. The return upon the original notice reads as follows, viz: "Served the within notice by leaving a copy of the same with the mother of the within named, she being a member of her family and over the age of fourteen years, (and at her residence,) the within named defendant, Mary A. Reed, not found." Signed &c.

When service of the original notice is made by copy, the defendant not being found, the statute requires the officer to show by his return that such copy was left at the usual place of residence of defendant, with some member of the family over fourteen years of age; and if so made, the return must further show at whose house, and the name of the person with whom the same was left, or a sufficient reason must be given for omitting so to do. Sections 1721, 1723.

It has been held by this court that the return must show that the copy was left at the "usual place of residence" of defendant, that it was left with a member of defendant's family, and the name of such person must be given. *Davis* v. *Burt, et al,* 7 Iowa 56; *Converse* v. *Warren,* 4 Iowa 158. We regard the return in this cause as clearly defective in this respect. It does not show that the copy was left at the "usual place" of the defendant's residence, nor does it give the name of the person with whom such copy was left.

There was no appearance or waiver of this objection by defendant in the court below.

Judgment reversed.