BOKER *et al.* v. CHAPLINE *et al.*

1. JURISDICTION: PRESUMPTIONS AND EVIDENCE. In collateral proceedings, the jurisdiction of a superior court will be presumed, even when the facts necessary to confer such jurisdiction do not appear affirmatively on the record. When the record shows affirmatively that the court acted without jurisdiction, its proceedings will be treated as void when attacked either directly or collaterally

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 17.

IN July, 1851, Thompson, of the firm of Chapline & Thompson, made what purported to be an absolute deed of certain real estate to the respondents, Jewett and others. On the 10th of September of the same year, complainants obtained

Boker et al. v. Chapline et al.

a judgment in the Polk District Court, against said firm, and this remaining unsatisfied, they filed this bill to set aside the deed to Jewett and others, and to subject the property conveyed to their execution. Thompson controverts the complainant's bill, upon the ground that the court rendering the judgment had no jurisdiction, and that it is therefore void. Upon this point, as appears from the argument of counsel, the case was decided in favor of respondents. Complainants appeal.

*C. C. Nourse* for the appellants.

*Jno. Mitchell* for the appellees.

WRIGHT, J.—The entry of judgment in the case of *Boker et al.* v. *Chapline et al.*, (September 1851,) after giving the title of the case, is as follows : ·

"The plaintiffs by counsel, now come, and it appearing that the defendants have failed to answer the petition filed, according to law, the court after hearing and inspecting the evidence and all things touching the same do find that there is now due from the said defendants to the said plaintiffs the sum, &c."

The return of service on the original notice, was as follows : —

"The within notice was handed to me on the 22d day of August, 1851. Served the within notice by reading on the same day (22d August, 1851.) No copy of notice required.

A. M. LYON, Sheriff,
Polk County, Iowa."

By respondents, it is insisted that the court rendering the judgment had no jurisdiction over the persons of the defendants, and that it is therefore void. Complainants insist that the jurisdiction will be presumed; that this presumption is sustained by what appears affirmatively by the record, and if not, then, that the testimony of the sheriff (Lyon,)

should have been received to show to whom, the notice was read.

That this return, is insufficient, and would be so held on a direct appeal, is not denied. Its prominent defect consists in its failure to state to whom the notice was read. This being granted, however, it by no means necessarily follows that the judgment is void and inoperative.

The court rendering the judgment was one of general jurisdiction. As such a want of authority to act will not be presumed. Nor to affirmatively establish its jurisdiction, is it necessary that the facts, evidence or circumstances conferring it should be set out in the record. And should the record disclose nothing, jurisdiction over the person, as well as the subject matter will always be presumed, when the validity of the judgment is questioned collaterally. On the other hand, if it is shown by the record that the judgment was rendered when no jurisdiction was acquired over the subject matter or the person, it is void, and will be so treated in a proceeding direct or collateral. (*Hamer* v. *Doe*, 1 Ind. 130; *Morrow* v. *Weed*, 4 Iowa 77; *Cooper* v. *Sunderland*, 3 Ib. 114; *Little* v. *Sennett*, 7 Ib. 334; *Seeley* v. *Reid*, 3 G. Greene 374; *Wright* v. *Marsh*, 2 Ib. 95; *Wright* v. *Watkins*, 2 Ib. 547; *Hawpon* v. *Weare*, 4 Iowa 13; *Smith* v. *Dubuque County*, 1 Ib. 492; *McCraney* v. *McCraney*, 5 Ib. 232; *Bliss* v. *Wilson*, 4 Blackf. 169; *Kewpe's Lessee* v. *Kennedy*, 5 Cranch 173; *Foote* v. *Stevens*, 17 Wend. 483; *Lessee of Nelson* v. *Moore*, 3 McLean 319.) Every presumption then, is in favor of the validity of this judgment, and the question is, whether this presumption is rebutted, by what appears affirmatively of record. And we are clearly of the opinion that it is not.

It will be observed that it is not a case wh·re there was no service. The sheriff did serve the notice by reading to some person. To say that it was not upon the defendants,

is to presume that he did not discharge his duty, and to presume a fact which will tend to invalidate rather than sustain the proceedings of a court of general jurisdiction. Neither of these presumptions can be entertained. On the contrary, until it otherwise appears, everything is presumed to have been legally and properly performed. A court will not intend facts inconsistent with the return of a writ, in order to divest rights acquired under it, (*Roman* v. *Lamb*, 4 G. Greene 474,) nor to defeat a judgment of a court of competent jurisdiction. Presumptions may always be indulged in when they are consistent with the duty or power authorized. Not so, however, where they tend to make an officer a trespasser, acting without authority, and defeat the purposes of justice.

Now, if it appeared that the notice was read to some other person than the defendants, the case would be different. Then the presumption of duty and authority would be affirmatively rebutted. So, if it appeared that the service was made beyond the jurisdiction of the State, and there was no personal appearance. It is very different, however, when the entry of a judgment shows that the court exercised jurisdiction over a proper subject matter; where a regular notice was duly issued and placed in the hands of an authorized officer, and where that officer makes a return which instead of negativing service, tends to show affirmatively and sustain the. rightful exercise of power by the court. The case is not unlike that of *Crowley* v. *Wallace*, 12 Mo. 147, where the law required that the return should show that it was made in the township, and the objection was taken that this did not appear; *Held*, that in a collateral proceeding, the presumption was in favor of a proper service. Or a case, still more in point, *Bromley* v. *Smith*, 2 Hill 517, where the justice's docket merely stated the return as, "personally served." The statute required the return to state "the time and manner of service," and service to be made, "by reading the summons to the defendant, and delivering him a copy

if demanded." *Held,* that the error though fatal on *certiorari,* was not a defect jurisdictional in its nature, and could not avail collaterally.

Reversed.