MUSCATINE TURN VEREIN v. FUNCK *et al.*

1. **Corporation:** DISSOLUTION. The resignation of the officers and agents of a corporation does not operate to destroy the existence of the corporation. It may exist without officers so as to maintain succession and hold and preserve its franchises.

2. —— A dissolution by the voluntary act of its stockholders does not take away the power to act in closing up its affairs, nor the right of a creditor to be relieved in equity at least from the inequitable consequences of such dissolution.

3. **Service of notice:** PRESUMPTIONS. It will be presumed, in the absence of allegations to the contrary, that a court, in rendering judgment by default, passed upon the sufficiency of the service of notice. An erroneous ruling upon the sufficiency of such service is not void.

4. **Corporation:** RELIEF AFTER DISSOLUTION. Relief cannot be given to a corporation against a decree, on the ground that it had no existence at the time such decree was rendered, when it is not shown that its existence has been so revived that it may have a standing in court.

*Appeal from Muscatine District Court.*

WEDNESDAY, JUNE 7.

ON the 19th of September, 1856, articles of incorporation were adopted by the plaintiff, which were duly recorded, the ninth section of which provided that the corporation might be dissolved if the membership should at any time number less than five. On the next day the defendant Funck executed to said society a bond conditioned for the conveyance to it of a certain parcel of real estate, upon the terms and conditions therein expressed and contained. August 5, 1859, it was resolved, " since only four members remained, to declare the Verein dissolved," and an order was made for the care and disposition of the personal effects. At the same time, certain persons united to form a new Turn Verein, but never adopted articles of incorporation. Marcus Beach and George Schneider were members of the first organization, the former being the last presiding officer.

At the time of giving this bond and making the alleged sale, Conrad Krauz and seven others made their bond to Funck, in the sum of one thousand dollars, conditioned for securing that amount of the purchase-money. In October, 1859, Funck commenced his proceedings against the society for the foreclosure of the title bond (treating the transaction as a mortgage), and asking judgment for the amount due and for a sale of the premises.

The notice was served on Beach and Schneider, "presiding officers," &c. To this action there was no appearance, and plaintiff obtained judgment for about $2,000, under which the property was sold to Funck for $700, on the 17th of March, 1860. In April, 1860, Funck brought suit on the bond made by Krauz and others, which they defended, setting up usury and payment. Upon the trial of these issues, in December, 1861, Funck recovered judgment for the full amount of the bond. After this, in February, 1862, the said Krauz and others filed their bill in equity, setting forth that Funck bought the said real estate in September, 1856, for the use of the society, and at its request; that he advanced the money and took the title in his own name for the purpose of securing such advance; that he held the same as a trustee; that he required, and the society agreed, to pay him interest at the rate of from twenty to thirty per cent on this loan; that he was paid, in money and property, a sum which, together with the amount bid by him at sheriff's sale, after deducting the usury, was more than sufficient to pay the entire amount loaned. To this bill Beach and Schneider were also made parties, and it was alleged that they confederated with Funck to defraud the society and said petitioners; that there was no service of the original notice in the foreclosure case, and that the court had no jurisdiction. The prayer was to set aside the said foreclosure judgment; the sale thereunder; to enjoin the collection of the judgment against petitioners; for an

accounting, and for general relief. In January, 1863, the injunction asked and granted was dissolved : *First.* Because the matters set up, so far as plaintiffs *as individuals are concerned*, ought to have been, and were; adjudicated in the law action between the same parties; and, *Second.* Because, so far as related to the foreclosure proceeding, the bill should be by the society, and not by the plaintiffs as individuals. Leave was given to amend and make new parties. A new bill was accordingly filed (which is the one now before us), in the name of the society, setting up the same facts in substance, and asking the same relief. Issue was taken thereon; the cause referred; and the referee, after hearing all the testimony, recommended that the bill be dismissed. From the order confirming this recommendation, plaintiff appeals.

*D. C. Cloud* for the appellant.

*Richman & Carskadden* for the appellees.

WRIGHT, Ch. J. — Plaintiff's bill was properly dismissed. It is unnecessary to examine the case upon its equitable

1. CORPORATION: dissolution.

merits, as we have no hesitation in affirming the decree below, upon the ground that the prior adjudications bar all such inquiry. The charge of fraud in obtaining the foreclosure decree is entirely unsustained. There is, therefore, really but one question as to that decree; and that is, whether there was such service as to authorize the court to take jurisdiction of the party (the present plaintiff), and render the judgment. If plaintiff was properly in court, then there is no doubt as to the conclusiveness of that adjudication.

And here the argument is, that, at the time of the service, the corporation had been dissolved, and that service was not made on any member or officer thereof. This is not true, so far as relates to the rights of Funck or other

creditors, either in fact or law. The resignation of the officers did not operate to destroy the existence of the corporation. Officers and agents are necessary to the management of the affairs of such an organization, but the corporation may have, and does have, an existence *per se,* so as to maintain succession and hold and preserve its franchises, though its functions may, for the time being, be suspended for want of means of action. *Russell* v. *McClellan,* 14 Pick., 63; *Evarts* v. *Killingworth Manufacturing Company,* 20 Conn., 447; Ang. & Ames on Corp., § 771.

Not only so, but, waiving the question whether, *upon general principles,* the dissolution of a corporation by the *voluntary act of the stockholders* would have the same effect as to the status of its property and the rights of creditors, as though it should become extinct by the expiration of its charter, or by a decree of forfeiture rendered by a competent judicial tribunal, we are of the opinion that, under our statute, such a dissolution does not take away the power to act for the purpose of winding up its affairs, nor the right of a creditor (in equity at least) to be relieved from the inequitable consequences of such a dissolution. (Rev., § 1171), and see §§ 1180, 1181. More than this we need not say, and other questions connected therewith we need not discuss at this time. See, however, *Crease* v. *Babcock,* 23 Pick., 334; *Foster* v. *Essex Bank,* 16 Mass., 245; *Bacon* v. *Robertson,* 18 How., 480; *Campbell* v. *Miss. Bank,* 6 Id. (Miss.), 674; *Curran* v. *State of Arkansas,* 15 Id., 312; *Hightown* v. *Thornton,* 8 Ga., 493; Ang. & Ames on Corp., § 779, *a.*

Then again, it must be remembered, that there was a service in the foreclosure proceeding. It is not a case of

3. SERVICE OF NOTICE: presumption.

*no service.* And that service was upon one (at least) of the last presiding officers of the society or corporation. The court, in rendering the judgment, must (and especially as there was a default)

have passed upon the sufficiency of such service. (Rev., §§ 2825, 2826, 3149.) Suppose the return and the facts were examined (and there is no suggestion that the court did not perform its duty as required by the last section cited), and it was determined that the notice was served as required by the Code, the subsequent action and the determination might have been erroneous, but not void. Without more, see the following cases : *Boker* v. *Chapline*, 12 Iowa, 204; *Bonsall* v. *Isett*, 14 Id., 309 ; *Ballinger* v. *Tarbell*, 16 Id., 491; *Prince* v. *Griffin*, Id., 552, and cases therein cited.

But, finally and conclusively, if the corporation was dead at the time of such service and decree, then, as it has never been revived, it is still extinct and can have no standing in court. Conceding its non-existence, at that time, we cannot conceive how, without a new life, it can, in its corporate name, institute a proceeding asserting its non-existence. The subsequent action of certain of its former members was not designed to reinstate the old corporation ; nor did it have that effect. It is the old and not the new society that now asks relief. It is in no position to demand it.

*4. Corpora-* *tion: re-* *lief after* *dissolu-* *tion.*

These views dispose of the case, without considering the effect of the judgment in the law action upon the bond against Krauz and others; and while it would not be difficult to show that such judgment is equally fatal to the relief here asked, we shall, without discussing that point (the first one being sufficient), affirm the decree, dismissing the bill.

Affirmed.