## CLARK v. LITTLE.

1. **Original Notice:** DEFECTIVE SERVICE. Under the Code of 1851 a return upon an original notice which, in the absence of personal service, stated that a copy of the notice was left with "a member of his family over fourteen years," was held to be defective because it failed to show that the copy was left at the usual place of residence of the defendant and failed to give the name of the person with whom it was left.

2. **Jurisdiction:** ACTION UPON A JUDGMENT. In an action upon a judgment which is sought to be made the basis of a new recovery, it is permissible to show that the court rendering the judgment had no jurisdiction, notwithstanding a recital in the judgment that the defendant was duly and legally served with notice of the pendency of the suit.

3. ———: ———: DIRECT ATTACK. When in such an action the defendant by proper answer denies that he was served with notice, his defense is not a collateral, but direct attack upon the judgment.

*Appeal from Jackson District Court.*

TUESDAY, OCTOBER 26.

ON the 20th day of November, 1873, plaintiffs filed their petition alleging that in September, 1856, in the District Court of Jackson County, one Jonas Clark recovered a judgment against the defendant for the sum of one hundred and sixty dollars, and that on the 6th day of July, 1866, Jonas Clark assigned the judgment to plaintiffs.

Plaintiffs claim that there is due them on said judgment the sum of four hundred and thirty-six dollars.

The defendant denies that he owes the amount claimed, and alleges that he was never served with notice, either by publication or in person, in the cause in which said judgment was rendered, and that he did not appear either in person or by attorney.

The judgment entry in said cause is as follows: "Now on this day, to-wit: the.. day of September, A. D., 1856, comes the plaintiff, and the defendant being three times called comes not, but made default. And it appearing that this action is

founded upon a promissory note, the same was referred to the clerk to assess the damages thereon, and who reported the same to be one hundred and sixty dollars, which report was approved by the court. It is, therefore, considered that the plaintiff have and recover of defendant the sum of one hundred and sixty dollars damages, and costs of said suit, taxed at $...., and that execution issue therefor."

The return upon the original notice is as follows: " Served the within notice on the within named Marquis Little, by leaving a true and correct copy of the original notice, certified to by me, with a member of his family over 14 years, on the 28th day of August, 1856."

The defendant testified that he never was served with notice of the action; that he did not appear in person or by attorney, and that he did not know suit had been commenced against him until about three years ago.

This being all the testimony offered in relation to the judgment, the court held that no service had been made on defendant in the action in which the judgment sued on was rendered, and dismissed plaintiffs' petition, and rendered judgment in favor of defendant, on his cross demand, for the sum of fifteen dollars. Plaintiffs appeal.

*Amos & Fletcher,* for appellants.

A service and levy have been presumed where there was no return upon the writ. (*Dollarhide v. Muscatine Co.,* 1 G. Greene, 159; *Ford v. Walworth,* 19 Wend., 337.) The presumption is that when a notice has been served, the officer served it properly and a fact will not be presumed which will tend to invalidate the proceedings of a court of general jurisdiction. (*Baker v. Chapline,* 12 Iowa, 206; *Seeley v. Reid,* 3 G. Greene, 274.) If the District Court determine in favor of its own jurisdiction, the parties are thereby concluded, unless they appeal from the judgment. (*Shawhan v. Loffer,* 24 Iowa, 226; *Wright v. Marsh,* 2 G. Greene, 111.) Equity will not interfere to vacate or set aside a judgment unless the bill shows that it was obtained by fraud or collusion, or the record discloses that the court had no jurisdiction over the

subject matter, or had acquired no jurisdiction over the person. (*Newcomb v. Dewey*, 27 Iowa, 386; *Stone v. Skerry*, 31 Id., 582.)

*F. M. Fort*, for appellee.

Where the statute provides for any other than personal service, it must be strictly complied with. (*Romain v. Commissioners, etc.*, Morris, 359; *Chittenden v. Hobbs*, 9 Iowa, 418; *Brogland v. Same*, 18 Ill, 552; *Cost v. Rose*, 17 Ill., 276; *Hodges v. Brett*, 4 G. Greene, 345; *Harris v. Hardeman*, 14 How., 334; *Milburn v. Frouts*, 4 G. Greene, 345.) Where there has been *no* service of notice, the judgment is absolutely void and may be attacked collaterally. (*Lyon v. Vanatta*, 35 Iowa, 556; *Kitsmiller v. Kitchen*, 24 Id., 163; 1 Smith's Lead. Cases, 834.) If there was no jurisdiction a simple failure to appeal would not confer it. (*Ham v. Steamboat Hamburg*, 2 Iowa, 461.) Without jurisdiction of the person, the judgment is void. (*Harshey v. Blackmarr*, 20 Iowa, 162.)

DAY, J.—The Code of 1851, in force at the time the judgment sued on was rendered, provides: "The service is to be made by reading the notice to the defendant and giving him a copy if demanded. If not found he may be served by a copy left at his usual place of residence with some member of the family over fourteen years of age."

1. ORIGINAL notice: defective service.

"The return must state the time and manner of making the service. If made by leaving a copy, as aforesaid, it must state at whose house, and the name of the person with whom the same was left, or a sufficient reason must be given for omitting to do so." §§ 1721, 1723. Tested by the requirements of these sections, the return appears to be defective in several respects. It does not state that the defendant could not be found. It does not state at whose house the copy was left. It does not state the copy was left at the usual place of residence of defendant. It does not state the name of the person with whom the copy was left. That these are sub-

stantial defects, for which the judgment would have been re-
versed on appeal, see *Converse v. Warren*, 4 Iowa, 158;
*Davis v. Bush*, 7 Iowa, 36; *Chittenden v. Hobbs*, 9 Iowa, 417;
*Tavenor v. Reed*, 10 Iowa, 416; *Sidles v. Reed*, 10 Iowa,
589; *Eikenburg v. Barrett*, 10 Iowa, 593.

The record does not show that the court made any adjudi-
cation as to the sufficiency of the return.    In *Muscatine*
*Turnverein v. Funck*, 18 Iowa, 469, it was deci-
ded that the court in rendering judgment by de-
fault must have determined the sufficiency of the
service.  But this action was tried under the Revision and the
decision is based upon section 3149, which is not found in the
Code of 1851.  If the record had shown an adjudication of
the sufficiency of the service, it may be that the return would
not be held so defective as to render the judgment vulnerable
to a collateral attack.  See *Shawhan v. Loffer*, 24 Iowa, 217,
and cases.  Not only is there here no adjudication of the
sufficiency of the return, but the defense interposed in this
case cannot fairly be regarded as an attempt to impeach the
judgment collaterally.

An action is brought upon the judgment and it is sought
to make it the basis of a new recovery.  In such case it is
always permissible to show that the court rendering the judg-
ment had no jurisdiction.  See *Dobson v. Pearce*, 1 Duer,
144, s. c. 12 N. Y., 165.

The defendant by proper answer assails the validity of this
judgment, attacks it directly, and avers that he had no notice
of the pendency of the action, and that the court acquired no
jurisdiction of his person.  See *Dunlap v. Cady*, 31 Iowa,
260; *Whetstone v. Whetstone*, Id., 276.

The real question here, then, is not, did the court decide
that it had jurisdiction, but did the court in fact have juris-
diction.  In *McGahen v. Carr*, 6 Iowa, 331, it was held that,
although the decree may recite that it appeared to the court
that the defendant had been served with notice of the pend-
ency of suit, as required by law, the complainant, in proceed-
ing to set the decree aside, may aver and prove that copies of
the petition and notice were never directed to him, as required

2. JURISDIC-
TION: action
upon judg-
ment.

by section 1826, of the Code of 1851. See, also, to the same effect, *Hodson v. Tebbetts*, 16 Iowa, 97.

In *Newcombe v. Dewey*, 27 Iowa, 381, it was held that in a direct proceeding to set a judgment aside, it may be shown that the court had no jurisdiction of the person of the defendant, notwithstanding the judgment recites that he was duly and legally served with notice of the pendency of the suit. See, also, *Stone v. Skerry*, 31 Iowa, 582; *Harris v. Hardeman*, 14 Howard, 334.

As we have before seen, the return is essentially defective, and does not even show the existence of the fact which alone renders such substituted service proper; the court did not, as appears from the record, adjudicate that due service had been made, and it is competent for defendant to aver and prove that no jurisdiction was acquired over his person, which is in the nature, not of a collateral, but of a direct attack upon the judgment. Without further elaboration, we are of opinion that the court did not err in holding that there was no proper service of notice in the action in which the judgment sued on was obtained, and that it cannot be made the basis of a recovery.

.AFFIRMED.