Neally v. Redman.

direct promise to pay should have been averred and proved, to enable plaintiff to recover.

Judgment affirmed.

---

NEALLY v. REDMAN.

Where an officer returns that a defendant is not found in his county, he is presumed to have used the necessary diligence.

The diligence used to obtain service on a defendant, is not required to be stated in the officer's return.

It is only where a defendant is served personally, that the return on the original notice should state whether a copy of the notice was required.

Where an original notice was returnable at the May term, 1857, of the Iowa district court, which term commenced on the 4th day of that month, the return on which notice read as follows: "Received the within notice, April 14th, A. D. 1857, and return the within served on R. A. R. (the defendant), by leaving a written and certified copy of the same, with M. A. R., she being a member of R. A. R's family, and over the age of fourteen years, and at his usual place of residence in the town of Marengo, Iowa county, Iowa,—said R. A. R. not being found in my county at the time; this the 14th day of April, A. D. 1857," which return was signed by the sheriff; *Held*, That the return was sufficient.

*Appeal from the Iowa District Court.*

THURSDAY, DECEMBER 24.

Plaintiff declares upon a promissory note. Judgment by default for the amount thereof, with interest, and defendant appeals. The facts in the case will be found in the opinion of the court.

*Jas. D. Templin*, for the appellant.

*Clark & Brother*, for the appellee.

WRIGHT, C. J.—The errors assigned relate, alone, to the sufficiency of the service of the original notice, to give the court below jurisdiction of the person of defendant. We shall consider the objections to this service, as presented in the argument. The return of service is as follows:

"Received the within notice, April 14th, A. D. 1857

and return the within, served on Rezin A. Redman, by leaving a written and certified copy of the same with Margaret Ann Redman, she being a member of R. A. Redman's family, and over the age of fourteen years, and at his usual place of residence, in the town of Marengo, Iowa county, Iowa, said R. A. Redman not being found in my county at the time; this the 14th day of April, A. D. 1857.

JAS. CRENSHAW,
Sheriff Iowa county, Iowa."

The notice was returnable to the May term, 1857, of the Iowa district court, which commenced on the 4th of that month, and was directed to R. A. Redman.

To this service, it is first objected, that it does not show that the officer exercised proper diligence to serve defendant personally, before resorting to what is styled the substituted service. The diligence used, is not required to be stated in the return. If the officer returns that the defendant was not found in his county, he is presumed to have used the necessary diligence. If he did not, in fact, and defendant is injured thereby, he has his remedy, but such failure cannot vitiate the return. It is true that he served the notice, by leaving a copy, on the same day he received it, and this, it is urged, is sufficient evidence that he made no effort to serve the defendant personally. But it may have been, that he knew personally that defendant was not within his county, and that a strict regard to his duty required him to serve the notice at once, by copy.

It is next objected, that the return does not show at whose house the copy was left. The law is, that if a defendant is not found, he may be served by a copy left at his usual place of residence, &c.; and, in that case, the return must state at whose house, and the name of the person, with whom it was left. The officer states that the notice was left at the usual place of residence of the defendant. We think this, substantially, complies with the law. If served at a place other than defendant's usual residence, and the return did not state the house where left, the objection might be valid. But it seems to us, that the

Andre v. The State of Iowa.

words residence and house, as here used, may be treated as synonymous. If the copy was not left at defendant's residence, we do not see why the party's remedy for a false return, is not as ample and complete, as if the sheriff had falsely stated that he had left it at a particular house. The defendant's residence is his house, within the meaning of these provisions.

The third objection is, that the return does not state whether a copy of the petition was required. This was not necessary. It is only where the defendant is served personally, that the return shall state whether such copy was required. Code, sections 1721, 1723. These are all the objections urged; and, notwithstanding the ingenuity and zeal with which they are pressed by counsel, we are constrained to hold that they are not well taken, and that the judgment should be affirmed.

Judgment accordingly.