Farris v. Ingraham, Kennedy & Day.

---

Farris v. Ingraham, Kennedy & Day.

Original notice: SERVICE AND RETURN. Sheriff's return of service of original notice in the following form: " Served this notice on the within named J. F. by leaving a copy of the same at his usual place of residence in the village of Jessup, Buchanan county, Iowa, with M. F., a member of defendant's family, over fourteen years of age, the defendant not being found," etc. It was urged that the return was defective in failing to state that the copy was left at the house of defendant, or *some* house which was his usual place of residence. *Held,* that the return was sufficient. Following *Neally* v. *Redman,* 5 Iowa, 387.

*Appeal from Buchanan District Court*

TUESDAY, JUNE 11.

ON the 3d day of March, 1871, the plaintiff filed in the Buchanan district court a petition alleging in substance

that, December 1, 1869, Ingraham, Kennedy and Day commenced an action in the circuit court of Buchanan county against this plaintiff and the defendant S. L. Wilmer, on a claim of $1,200, for lumber sold and delivered to them as copartners in business. That notice of said action was never served upon this plaintiff in any manner whatever, and that plaintiff never appeared in the action. That upon the back of the original notice is a return as follows : " Served this notice on the within named James Farris, by leaving a copy of the same at his usual place of residence, in the village of Jessup, Buchanan county, Iowa, with Matthew Farris, a member of defendant's family, over fourteen years of age, the defendant not being found for service in the county, on the 21st day of August, 1869.

" JOHN A. DAVIS, <em>Sheriff."</em>

That no other proof of service of said notice was made to said court, and that said notice was not, in fact, served on the said Matthew R. Farris at any house whatever, which was, in fact, the usual place of residence of this plaintiff. That notice was served on the defendant Wilmer, who appeared and answered, denying the indebtedness, and denying that the defendants therein were partners. That Wilmer afterward abandoned the issues made by him, and judgment was rendered against him, and by default against plaintiff for the sum of $1,173.80.

That execution issued on said judgment under which the defendant Davis, as sheriff, levied upon and advertised for sale a large amount of real estate, the separate property of Wilmer, and a large amount of like estate, which at the time of the rendition of said judgment was the separate property of this plaintiff, and which he has since conveyed for value, with full covenants of warranty. That, at the time of the rendition of said judgment, this plaintiff was not indebted to Ingraham, Kennedy and Day, in any

sum whatever. A preliminary injunction is prayed to restrain the sale of plaintiff's property on said execution, and that defendants be forever enjoined from all further proceedings to enforce the payment of said judgment against this plaintiff. The Hon. S. BAGG, circuit judge, granted a preliminary injunction as prayed.

On the 10th day of May, 1871, the defendants answered, alleging that the notice was legally served on James Farris; that Matthew R. Farris, named in the return, is the son of the plaintiff, and was at the time of said service his agent, and that the sheriff left the copy of the same with said Matthew Farris, and at the house of James Farris, in the village of Jessup, Buchanan county. That plaintiff was, and still is, indebted to Ingraham, Kennedy and Day the amount due on said judgment.

On the same day defendants filed a motion to dissolve the temporary injunction, accompanying it with certain affidavits, not material to the determination of the question presented.

This motion was sustained. Plaintiff appeals.

*Boies, Allen & Couch* for the appellant.

*James Jamison* for the appellees.

DAY, J. — We do not understand appellant to claim that the notice was not in fact served in the manner stated in the return, nor that in this action the return may be impeached by showing its falsity. From appellant's argument we extract the following: "We do not deem it necessary to inquire whether or not the judgment in question would have been upheld on appeal, where no direct proof of the insufficiency of the service could have been given; nor whether, if the sheriff's return had stated every fact neces- sary to constitute a perfect service, we could impeach the same by direct evidence that it is false. Our claim is that

Farris v. Ingraham, Kennedy & Day.

the return, upon which the judgment complained of was rendered, omits to state that service of the notice in said action was made by leaving the same *at the house of the defendant therein*, or *at any house which was the usual place of residence of said defendant;* and that every inference in favor of the sufficiency of such service is negatived by the positive averment in the petition that *no service whatever* was made upon plaintiff, and by the entire absence of any allegation, either in answer or affidavits, submitted on the part of the defendants, that such service was in fact made at the house of plaintiff, or at any house." The question, therefore, submitted for our consideration is, as we conceive, not whether it is competent to show the return to be false, but whether, conceding it to be true, it is sufficient. The return states that the notice was served on James Farris "by leaving a copy of the same at his usual place of residence, in the village of Jessup, Buchanan county, Iowa, with Matthew Farris, a member of defendant's family, over fourteen years of age, the defendant not being found."

The specific objection urged is, that the return does not state that the notice was left *at the house* of defendant, or *at any house* which was his uusal place of residence. Rev., § 2817. This identical question was considered in the case of *Neally* v. *Redman*, 5 Iowa, 387, under the provisions of section 1723 of the Code, substantially in this regard the same as those of the Revision, and the return was held to be a substantial compliance with the law. See, also, *Davis* v. *Burt et al.*, 7 Iowa, 56.

The court did not err in dissolving the injunction.

Affirmed.