THE CHICAGO SECTIONAL ELECTRIC UNDERGROUND COMPANY

*v.*

THE CONGDON BRAKE SHOE MANUFACTURING COMPANY.

*Filed at Ottawa November 17, 1884.*

1. CONTRADICTING SHERIFF'S RETURN—*by a plea in abatement.* A defendant corporation may plead in abatement to the service of process, by contradicting the sheriff's return; and where it tenders a material issue, and is properly verified, it is error to strike the plea from the files.

2. SAME—*sufficiency of plea.* A plea in abatement by a corporation to the jurisdiction over its person, showing its organization under the laws of this State, and its representation by its president, naming him; that at the time of the issuing and service of the summons the president was a resident

of the county, and not absent from the same, and that the service was not made upon him, presents an immaterial issue, and is obnoxious to demurrer, in not putting in issue the return that the sheriff was unable to find the president in the county.

3. SERVICE OF PROCESS — *on corporation—sufficiency of return.* A return to a summons against a private corporation was as follows: "Served this writ on the within named defendant, C. S. E. U. Co., by delivering a copy thereof to E. N. K., director and treasurer of said company, the president of said company not found in my county, the 23d day of November, 1883:" *Held,* that the return was good, filling the requirements of the statute.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. LYNN HELM, and Mr. GEORGE A. HAWLEY, for the appellant:

The officer's return of service of summons is not conclusive. It may be shown to be untrue, either in the same proceeding or where attacked collaterally. *Sibert* v. *Thorp,* 77 Ill. 43; *Owen* v. *Ranstead,* 22 id. 162; *Aldrich* v. *McKinney,* 4 Conn. 380; *Brown* v. *Brown,* 59 Ill. 315; *Hickey* v. *Stone,* 60 id. 459; *Ryan* v. *Lander,* 89 id. 554.

In order to controvert the facts recited in an officer's return to service of original process, the facts therein recited must be put in issue by plea in abatement. This is the proper and only way to raise an issue of fact on the officer's return. *Railroad Co.* v. *Keep,* 22 Ill. 9; *Holloway* v. *Freeman,* id. 197; *Sibert* v. *Thorp,* 77 id. 43; *Union National Bank* v. *First National Bank,* 90 id. 56.

The plea in abatement filed in this case had all the requisites of a good plea in abatement, and was filed in proper time. Rev. Stat. chap. 1, sec. 1; 1 Chitty's Pleading, 455–462; *Cook* v. *Yarwood,* 41 Ill. 115; *Ryan* v. *Lander,* 89 id. 554; *Union National Bank* v. *First National Bank,* 90 id. 56.

The defendant did not need to file with its plea in abatement an affidavit of merits. Rev. Stat. chap. 110, sec. 37; *Kassing* v. *Griffin,* 86 Ill. 265.

Being proper in form and properly filed, it was error in the court below to strike the plea in abatement from the files, even though the court below was of opinion that the service of the sheriff was a good service in law, and a sufficient compliance with the statute. *Frink* v. *King*, 3 Scam. 144; *Orne* v. *Cook*, 31 Ill. 258; *Hœreth* v. *Franklin Mill Co.* 30 id. 151; *King* v. *Haines*, 23 id. 340.

Though the return of the officer was a sufficient compliance with the statute, yet the facts therein recited could be put in issue and controverted by the defendant. *Railroad Co.* v. *Keep*, 22 Ill. 9; *Holloway* v. *Freeman*, id. 197; *Sibert* v. *Thorp*, 77 id. 43; *Union National Bank* v. *First National Bank*, 90 id. 56; *Ryan* v. *Lander*, 89 id. 554.

The return of the officer was but an evasion of the statute, and not in sufficient compliance with it. Corporations have a right, for their protection, to have the officer serving process upon them serve their president, if, by any means, he can be found within the jurisdiction of the court. Rev. Stat. chap. 110, sec. 4; *Railroad Co.* v. *Dorsey*, 47 Ill. 289; *Railroad Co.* v. *Dawson*, 3 Bradw. 118.

Mr. H. H. C. MILLER, for the appellee:

The service in this case was good, and the officer's return to the writ in strict conformity with the statute. *Railroad Co.* v. *Kœhler*, 79 Ill. 354; *Railroad Co.* v. *Holbrook*, 92 id. 297; Rev. Stat. chap. 110, sec. 5; chap. 7, sec. 6.

The person shown by the officer's return to have been served, was, in fact, a director of the defendant corporation. This the plea in abatement admits. It does not raise an issue with anything in the return.

Appellant was not injured, nor its rights in any way affected or impaired, by the manner in which the plea in abatement was disposed of, and though it may have been irregular, yet, under the circumstances, it was not error for which this court will reverse. *Addems* v. *Suver*, 89 Ill. 482; *Railroad Co.* v.

*Rung,* 104 id. 641; *Lycoming Fire Ins. Co.* v. *Dunmore,* 75 id. 14; *Hartford Fire Ins. Co.* v. *Olcott,* 97 id. 439; *Atkins* v. *Byrnes,* 71 id. 327; *Lowry* v. *Coster,* 91 id. 182; *Railroad Co.* v. *Town of Lake View,* 105 id. 207; *Conklin* v. *Burdick,* 6 Bradw. 153; *Railroad Co.* v. *Cloud,* id. 155.

Appellant, by entering its motion in said cause to strike plaintiff's affidavit of amount due from the files, and in moving the court in arrest of judgment, fully appeared in said cause for all purposes, and thereby waived all irregularity in the service of process, if any existed. *Miles* v. *Goodwin,* 35 Ill. 53; *Abbott* v. *Semple,* 25 id. 107; *Flake* v. *Cowen,* 33 id. 526; *Easton* v. *Altum,* 1 Scam. 250.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

This is assumpsit, by appellee, against appellant. The return upon the summons is as follows:

"Served this writ on the within named defendant, Chicago Sectional Electric Underground Company, by delivering a copy thereof to E. N. Koch, director and treasurer of said company, the president of said company not found in my county, the 23d day of November, 1883.

SETH F. HANCHETT, *Sheriff.*
By D. W. NICKERSON, *Deputy.*"

Appellant, on the 3d of December, 1883, filed a plea in abatement, which, omitting the caption, is as follows:

"And the said Chicago Sectional Electric Underground Company, by its attorneys, Tripp, Hawley & McMaster, comes and defends, etc., and says, at the time of issuing said writ, and at the time of service thereon on said defendant, and at all and every of said times aforesaid, said defendant was a corporation of the State of Illinois, legally and fully organized by the laws of the State of Illinois, and doing business under the same, with its principal office in said county of Cook, in the State aforesaid, and that it was fully represented, at all

and every of said times aforesaid, by its president, Louis Wahl, who was, at the time of issuing and serving said writ against said defendant, a resident of said county of Cook and State of Illinois, and not absent from the same at said times aforesaid, but all and every of said times was present in said county, and that nevertheless the service of said writ of summons against said defendant, and of all process in said cause herein, was not made and had upon said Louis Wahl, president of said defendant, but upon another and different person, to-wit, a director of said corporation defendant, and that no service of any process or writ in said cause has been made on said president of said defendant, and this said defendant is ready to verify. Wherefore defendant prays judgment, if the court here will take cognizance of the action aforesaid."

Annexed to the plea is the affidavit of the president that it "is true in substance and in fact."

On motion of appellee's attorney, the court ordered the plea stricken from the files, on the ground that the appellant was properly served, and the return of the sheriff is in substantial compliance with the statute. The court then refused to enter judgment by default against appellee, but gave him until the next morning to plead or demur to the declaration. Appellant, by its attorney, then moved to strike plaintiff's affidavit of amount due, from the files, but the court overruled the motion. On the day next following, appellant's attorney not having demurred or plead to the declaration, appellee, by its attorney, moved the court to enter judgment by default against appellant, but the court overruled the motion, and gave appellant until the 10th of December, 1883, to plead or demur to the declaration, and on that day, appellant not having plead or demurred to the declaration, the court entered judgment by default against appellant, and assessed appellee's damages at $2018. Exception was taken by appellant to the several rulings of the court adverse to it, and these rulings are now urged as error.

The plea in abatement, very clearly, ought not to have been stricken from the files. It was competent to raise an issue of fact upon the sheriff's return, (*Sibert* v. *Thorp*, 77 Ill. 43, *Mineral Point R. R. Co.* v. *Keep*, 22 id. 9,) and the plea was properly verified. But we are of opinion the plea tendered an immaterial issue, and was therefore obnoxious to demurrer. The statute provides: "An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent, or any agent of said company found in the county." (Rev. Stat. 1874, p. 775, sec. 5.) The service here, in form, followed this requirement of the statute, and was, therefore, *prima facie* sufficient. *Chicago and Pacific R. R. Co.* v. *Kœhler*, 79 Ill. 354. The language of this section is quite different from that under which *St. Louis, Alton and Terre Haute R. R. Co.* v. *Dorsey*, 47 Ill. 289, was decided. That was: "In all cases where suit has been or may hereafter be brought against any incorporated company, process shall be served upon the president of such company, if he reside in the county in which suit is brought; and if such president be absent from the county, or does not reside in the county, then the summons shall be served," etc., (Gross' Stat. 1869, p. 509, sec. 6,) and hence, to justify service on any one other than the president, it was essential to show either that he did not *reside in the county*, or that he was, at the time, *absent from the county*, while here, it will be observed, it is only necessary to show that he "*can not be found in the county.*" The change in phraseology is marked, and was evidently designed to authorize service on the other officers and agents named, whenever the president could *not be found* in the county, without regard to where he might actually be. The allegation in the plea does

not put in issue the return that the sheriff was unable to find the president in the county, but is simply that he then resided and was in the county,—*non constat,* he may have been hid away where he could not be found by any reasonable effort, and that, too, for the express purpose of avoiding service.

The issue tendered, then, being immaterial, and the return, upon its face, sufficient, it is impossible that appellant can have been injured by the ruling in striking the plea from the files; and it is familiar doctrine in this court that a party can not have a cause reversed for an error which works him no injury.

No reason is assigned why the affidavit annexed to the declaration should have been stricken from the files, and we are unable to discover any error in that regard.

The only remaining error alleged is, that the court did not call a jury to assess damages; but it is only when one of the parties requires it, that, in case of default, damages are to be assessed by a jury. It does not here appear that either party asked to have damages assessed by a jury. Rev. Stat. 1874, p. 780, sec. 40.

We perceive no cause to disturb the judgment below. It is therefore affirmed.

*Judgment affirmed.*