McCracken v. Lavalle.

## Nicholas McCracken

v.

## Joseph Lavalle.

41 573,
72 122

*Municipal Corporations—Officers.*

1. A village supervisor has no right to contract as a public officer with reference to the time of payment of an order drawn by the school trustees thereof upon him.

2. A written acceptance upon such order by such person, agreeing to pay the same " within a year from date " is a personal promise and creates a personal liability.

3. It is the duty of such officer to pay the order without delay, in case he has funds with which to do it.

[Opinion filed January 15, 1892.]

APPEAL from the Circuit Court of St. Clair County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. M. MILLARD, for appellant.

Mr. WILLIAM WINKELMANN, for appellee.

PHILLIPS, P. J.    Appellee filed his declaration in the Circuit Court of St. Clair County, alleging that the school trustees of the village and commons of Cahokia were indebted to him, and drew an order in his favor, as follows :

" CAHOKIA, April 15, 1884.

The supervisor of the village and commons of Cahokia will please pay to Joseph Lavalle the sum of $117 for services rendered in watching the brick school house in said village with eight per cent per annum until paid.

Attest :    GEO. W. BRACKETT.

PETER NAUDEAN, } School  Trustees."
ALBERT WHITE,

Which order was accepted by appellant in manner following:

" I will pay this order within a year from date.    Accepted.

N. McCRACKEN, Supervisor."

On that acceptance and promise the plaintiff seeks to recover the balance unpaid on the order from the defendant personally, and on trial the defendant was defaulted and damages assessed by the court at $92.10.    The defendant was supervisor of the village and commons of Cahokia from the 1st of March, 1884, to the 1st of March, 1888.    The only question presented by this record is whether by this acceptance there was a personal liability on the part of the defendant.    By the terms of the order the supervisor of the village and commons of Cahokia was directed to pay the plaintiff a certain sum of money with interest.    There is no evidence in this record to show whether there was any money in the hands of the supervisor available, to pay the order at the time of its presentation.    The trustees had a right to draw this order.    To an order so drawn there can be but one duty on the part of the supervisor, and that is to pay it,

with any funds provided for that purpose, that may be on hand. If there be no money on hand available for the purpose of payment, he has not the right by this manner of acceptance to send out as commercial paper such orders, and no rule of law requiring the supervisor to keep a record of the same. If he may prescribe a period of months or years within which he will pay the order and make the same obligatory on the municipality, then a debt may be created against the corporation, to a greater extent than authorized by law, and without pursuing the forms prescribed for the government of such municipalities in issuing evidence of indebtedness. As a public officer there was no duty but that of payment, if payment could be made. He had no power to contract as a public officer with reference to the time of payment on this order. His acceptance is not a compliance with the terms of the order. It is the promising and engaging mind of a contracting party. Powers v. Briggs et al., 79 Ill. 493. When, therefore, he made an acceptance and contract in the form and terms he did, it became his personal promise and created a personal liability. The judgment is affirmed.

*Judgment affirmed.*