THE BOARD OF SUPERVISORS OF SHELBY COUNTY

*v.*

THE PEOPLE *ex rel.* Commissioners of Highways.

*Filed at Springfield January 17, 1896.*

1. APPEALS AND ERRORS—*appeal in mandamus lies to Appellate Court.* An appeal from the judgment of the circuit court granting a writ of *mandamus* to compel a board of supervisors to pay for a bridge, lies to the Appellate Court, and not to the Supreme Court.

2. MANDAMUS—*is an action at law.* Under the Illinois statute a petition for *mandamus* is an action at law, and governed by the same rules of pleading that are applicable to other actions at law.

APPEAL from the Circuit Court of Shelby county; the Hon. JACOB FOUKE, Judge, presiding.

ANTHONY THORNTON, for appellant.

J. L. RAY, (H. J. HAMLIN, of counsel,) for appellees.

Per CURIAM: This is a petition for *mandamus*, filed by the People on the relation of the commissioners of highways of the town of Shelbyville, in the county of Shelby, to compel the board of supervisors of that county to pay $1400.00, which was appropriated by the board at its September session in 1883 to aid in the construction of a bridge. To the petition, as finally amended, pleas were filed, and the cause was tried by agreement before the circuit judge without a jury. The circuit court found the issues for the petitioner, and ordered that a peremptory writ of *mandamus* issue to the board, requiring them to pay to the relators the sum of $1400.00, and that the defendant, the board, pay the costs. From the judgment thus rendered by the circuit court, an appeal has been taken directly to this court.

It is clear, that we have no jurisdiction to entertain this appeal. The case is not one, which involves a franchise, or freehold, or the validity of a statute or construction of the constitution, nor is it a case relating to revenue, or in which the State is interested as a party or otherwise. Under our statute, a *mandamus* proceeding is an action at law, and governed by the same rules of pleading that are applicable to other actions at law. (2 Starr & Curtis' Stat. pp. 1587, 1588; Rev. Stat. chap. 87, sec. 4; *Dement* v. *Rokker*, 126 Ill. 174). The judgment is one which directs the payment of a specific sum of money. The appeal should, therefore, have been taken to the Appellate Court and not to this court. Leave is granted to withdraw the record for the purpose of filing the same in the Appellate Court.

It is ordered that the appeal herein be dismissed.

*Appeal dismissed.*