GEORGE B. SWIFT, Mayor,

*v.*

THE PEOPLE *ex rel.* Hulda Cohen.

</div>

<div align="center">

*Filed at Ottawa March 28, 1896.*

</div>

|160|561|
|192|¹102|

APPEALS AND ERRORS—*appellate jurisdiction of Supreme Court in mandamus. Mandamus* being an action at law, the Supreme Court has no appellate jurisdiction therein except where a franchise, a freehold or the validity of a statute or the construction of the constitution is involved, or where the action relates to the revenue, or is one in which the State is interested, as a party or otherwise.

APPEAL from the Superior Court of Cook county; the Hon. JAMES GOGGIN, Judge, presiding.

WILLIAM G. BEALE, and GEORGE A. DUPUY, for appellant.

B. M. SHAFFNER, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Hulda Cohen, the appellee, filed her petition in the Superior Court of Cook county for a writ of *mandamus* to compel George B. Swift, as mayor of Chicago, to issue to her a license to keep a second-hand store in that city. The city ordinance requiring a license to carry on such business authorizes the mayor to issue such license, on

payment of the prescribed license fee, to such persons as shall produce to him satisfactory evidence of good character. The petitioner alleged compliance with the ordinance, and that she was of good character, and that she offered to produce to the mayor satisfactory evidence thereof, but that he refused, without right, to issue such license. The answer denied that petitioner offered to produce satisfactory evidence of good character, and alleged that she did not produce any such evidence, but that he caused investigation by the police department and report to be made, and, acting on the advice so received from the police department, which he believed to be reliable, and being furnished with no evidence contradictory thereto, he found and determined, in accordance with the provisions of the ordinance, that the petitioner was not a person of fit character to receive such license. The court sustained a general demurrer to the answer, and, the respondent standing by his answer, a peremptory writ was awarded. Respondent took his appeal directly to this court.

We are of the opinion that we have no jurisdiction to entertain this appeal. The proceeding by *mandamus* is an action at law, and this court has no appellate jurisdiction in such an action where it does not involve a franchise, a freehold, the validity of a statute or construction of the constitution, or where it does not relate to the revenue, or is not one in which the State is interested, as a party or otherwise. (*Supervisors* v. *People ex rel.* 159 Ill. 242; *Board of Trade* v. *People ex rel.* 91 id. 80; *Hesing* v. *Attorney General*, 104 id. 292; *People ex rel.* v. *Holtz*, 92 id. 426; *Dement* v. *Rokker*, 126 id. 174.) In the *Dement case* the appeal was sustained, but there the State was interested.

This appeal should have been taken to the Appellate Court. It will therefore be dismissed. Leave is given to withdraw the record, abstracts and briefs for filing in the Appellate Court.          *Appeal dismissed.*