| 72 | 119 |
| 83 | 437 |

| 72 | 119 |
| s94 | 114 |

### George A. Weimer, Supervisor, etc., v. People ex rel., etc.

1.   PRESUMPTIONS—*When the Evidence is Not Preserved in a Bill of Exceptions.*—Where the evidence has not been preserved in a bill of exceptions the presumption that all the material allegations of the petition were sustained by the evidence, must prevail.

2.   MANDAMUS PROCEEDING—*An Action at Law.*—A petition for mandamus is an action at law and the judgment is a judgment at law.   In order to support the judgment, it is not necessary that a finding of all the material facts should be recited in it.

3.   ERRORS—*Not Assigned.*—Errors not assigned will not be discussed.

Mandamus.—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding.   Heard in this court at the October term, 1897.   Affirmed.   Opinion filed November 2, 1897.

WILLIAM A. BOWLES and THOMAS G. McELLIGOTT, attorneys for plaintiff in error.

DAVID S. GEER, attorney for defendant in error.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is error to reverse a judgment of the Circuit Court. The ordering part of the judgment is as follows:

" Therefore, it is ordered that peremptory writ of mandamus issue forthwith, directed to George A. Weimer, supervisor of the town of Lemont, Cook county, Illinois, commanding him forthwith to pay over to Sylvester L. Derby the sum of six hundred and seventy-six dollars and sixty-five cents, with interest thereon at the rate of five per cent per annum from August 20, 1895."

Attorney for plaintiff in error, in his argument assigns three reasons for reversal: first, that certain judgments rendered by a justice of the peace constitute the basis of the petition for a writ of mandamus, and the judgments are void for want of jurisdiction in the justice to render them; second, that the court did not find that there was a demand on the plaintiff in error to pay the claim, and that he refused to pay; and third, that the court did not find that the defendant was in a position to comply with a demand, if made.

The judgments in question were rendered August 20, 1895, and were based on town orders, and were rendered in suits in which defendant in error was plaintiff and the town of Lemont defendant. The validity of the orders is not questioned, but it is insisted that some, at least, of the judgments are void, for the reason that on the return day of the summonses, August 10, 1895, although the defendant then moved for a continuance until August 20, 1895, at 10 o'clock A. M., it does not appear from the transcripts of the judgments that the justice made any orders continuing the cases, and therefore plaintiff in error claims the cases were discontinued and the justice lost jurisdiction.

Plaintiff's attorney contends that the judgments constituted the sole basis of the petition for mandamus and the judgments of the Circuit Court, which contention, if correct, would necessitate inquiry as to the validity of the judgments, but the contention is not sustained by the record.

The case was heard on the petition, answer and replication, and evidence produced in open court. It is averred in the petition, and not denied by the answer, that August 31, 1895, after the judgments were rendered, the relator presented to the board of town auditors of the town of Lemont, certified transcripts of the judgments, and that the board examined the same, in connection with the relator's verified statement of claim, allowed the claim, and ordered the plaintiff in error to pay to defendant in error the sum of $675.75, with interest from August 20, 1895, at the rate of five per cent per annum; that a tax was levied and collected for said amount, and the amount was received by plaintiff in error, and that afterward, and while he had the same in his possession, the relator made demand on him for payment, and he refused. These facts, if found, fully justified the judgment of the court, even though, as claimed by plaintiff in error, some of the judgments were void for want of jurisdiction. Plaintiff's attorney contends that the orders were merged in the judgments, and also contends that the judgments were void. These propositions are inconsistent and irreconcilable. Each contradicts the other; if the judgments are void, they are nullities, and the orders can not be merged in them; but if the orders are so merged, then it must be because the judgments are valid.

It will be observed that it is averred in the petition that the board of auditors had before them, not only the transcripts of the judgments, but the relator's verified claim, and thus had an opportunity to determine whether the claim was just and the judgments for the correct amounts. It was the duty of plaintiff in error, as the supervisor of the town to pay the claim on demand, he having been ordered

122    APPELLATE COURTS OF ILLINOIS.

so to do, and having in his hands the necessary funds. McCracken v. Lavalle, 41 Ill. App. 573.

The evidence in the case has not been preserved by bill of exceptions, and therefore the presumption must prevail that all the material allegations of the petition were sustained by the evidence.

We do not agree with the contention that the judgment should recite a specific finding by the court that a demand was made on plaintiff in error and a refusal by him; or that he had funds in his hand with which to pay the relator's claim. A petition for mandamus is an action at law, (Dement v. Rokker, 126 Ill. 174; Board of Supervisors, etc., v. The People ex rel. etc., 159 Ill. 242), and the judgment is a judgment at law, and in order to support the judgment, it is not necessary that a finding of all material facts shall be recited in it, or that the evidence should be preserved. The trial court, however, found "from the evidence" that the plaintiff in error unlawfully withheld from the relator the sum of $676.75, with interest thereon from August 20, 1895.

Plaintiff's attorney says in his printed argument that the court, without the waiver of a jury, entered the judgment in question. It is sufficient to say that this is not assigned as error.

The judgment is affirmed.