## Peter Meilinger et al. v. The People, etc.

1. PLEADING—*Pending of a Former Suit.*—The pendency of the former action, upon writ of error or appeal, merely defeats the present proceeding. It is not necessarily a bar to the action, and should ordinarily be pleaded in abatement.

2. PRACTICE—*Effect of Entering Appearance.*—If a defendant enters his appearance to a declaration, a judgment is binding, although a writ has not been issued or service had.

3. SAME—*After All Pleas Are Overruled.*—After the pleas to a declaration have all been overruled, and nothing remains but to assess damages, either party may have the damages assessed by a jury. (Rev. Stat., Chap. 110, Sec. 41.)

4. SAME—*Effect of a Failure to Preserve Points.*—Where an appellant fails to preserve by a bill of exceptions the points upon which he relies, he must suffer the consequences.

Debt, on a bond. Trial in the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Finding and judgment for plaintiff; appeal by defendants. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

BOWLES & BOWLES, attorneys for appellants.

DAVID S. GEER, attorney for appellee.

Mr. Presiding Justice Freeman delivered the opinion of the court.

This is an action in debt on a sealed instrument. The condition of the bond as set forth in the declaration, is that appellants are " bound unto the People of the State of Illinois in the penal sum of $1,500, for the payment of which " they bind themselves, the condition being that one George A. Weimer should pay the clerk of the Circuit Court $676.76, with interest, etc., on the 15th day of March, 1897.

It appears that Weimer, as supervisor of the town of Lemont, had been commanded by a peremptory writ of mandamus, issued out of the Circuit Court, to pay over to the party entitled thereto, the sum above stated, and that upon his failure to comply with such order he was required to show cause why he should not be attached for contempt. The hearing upon the rule to show cause was allowed to be continued, upon his giving bond to comply with the order requiring payment, by the 15th of March.

A writ of error was meanwhile sued out of the Appellate Court to reverse the order of the Circuit Court in the mandamus proceeding, and was made a supersedeas. But upon the hearing, the judgment of the Circuit Court was affirmed. Weimer v. People, 72 Ill. App. 119.

It is urged as error that the court overruled pleas to the effect that this suit on the bond was begun while the mandamus proceeding was still pending in the Appellate Court, and after the writ of error had been made a supersedeas.

We think, however, the pleas in question were defective. It was not enough merely to set up in bar to the action that the writing obligatory sued upon had been given in another proceeding which was still pending in the Appellate Court. The pendency of the former action, upon writ of error or appeal, merely defeats the present proceeding. It is not necessarily a bar to the action, and should ordinarily be pleaded in abatement. It was not so pleaded. It is the advantage or relief prayed for by the plea that determines its character. The proper prayer of a plea in abatement is that the writ and declaration be quashed.

The subject-matter of the pleas in question clearly falls within the definition of matter pleadable in abatement, and not in bar. It was pleaded in bar, and the pleas being bad, when the defendants elected to stand by their pleas, final judgment was properly rendered against them. Pitts' Sons Mfg. Co. v. Commercial Nat. Bank, 121 Ill. 582.

The fourth amended plea sets forth that the order entered in the mandamus proceeding required Weimer, as supervisor of the town of Lemont, to pay over the money unlawfully withheld; and that while the case was pending on writ of error in the Appellate Court, he was superseded in office as supervisor, and that he turned over all records and moneys of the town to his successor. It is only necessary to say, aside from technical objections, that when the order commanding payment of the money was affirmed in the Appellate Court, it became effective against him from the date it was originally entered. It was not error to sustain a demurrer to such a plea. If the plea was good, then any official whose successor is elected and qualified pending an appeal could plead successfully that, his term as a public official having expired, his liability for official misconduct was thereby terminated, and a new proceeding must be commenced against the new officer, to hold him accountable for the misconduct of his predecessor, and so *ad infinitum*. Appellant can not thus escape responsibility.

It is further contended that the plea by defendant Weimer, averring that he was unlawfully threatened with imprisonment unless he executed the writing obligatory sued upon, and that it was by reason of such threats and in fear thereof that he executed it, was, if sustained by the evidence, a complete bar to the action. But such plea fails to show how, where or when such alleged threats were made, in what they consisted, or that they were made by one having any power to execute them whatever.

The defendants' pleas show upon their face that the appellant Weimer was in court under a rule to show cause why he should not be attached for contempt, and seeking further time, entered into the obligation in question. If this was

Meilinger v. The People.

duress, the same is true of bonds given in all criminal or quasi-criminal proceedings. If appellant had obeyed the order of the Circuit Court, and paid over, as commanded, the money he unlawfully withheld, no such obligation would have been required of him.

It is said the judgment against Weimer does not provide that the debt be discharged upon payment of the damages. The judgment against Meilinger and Hofmann does provide that it is to be satisfied upon payment of the damages and costs; and Weimer was made a party "to the original judgment" under a writ of scire facias. See Freeman v. The People, 54 Ill. 153.

The defendant Weimer objects that damages were assessed against him before the court had jurisdiction.

Weimer entered his appearance after judgment had been rendered against the sureties, at the same term, and filed his plea, which was adjudged insufficient on demurrer. The court had jurisdiction. "If a defendant enter his appearance to a declaration, all attorneys know that a judgment is binding, although a writ was never issued or service had." Miles v. Goodwin, 35 Ill. 53.

It was too late, after damages had been assessed and judgment rendered against the sureties, to ask for a jury for "the hearing of this cause." The record shows that a separate judgment was entered making Weimer a party to the original judgment ten days thereafter. The bill of exceptions fails to show at which date—the 9th or 19th of February—objection was made "to the hearing of this cause without a jury," nor by what defendants. The pleas had all been overruled. Nothing remained but to assess damages. "Either party may have the damages assessed by a jury" (Rev. Stat., Chap. 110, Sec. 41), if the request is made in apt time. Electric Co. v. Mfg. Co., 111 Ill. 309, 315; Palmer v. Harris, 98 Ill. 507; Pinkel v. Domestic S. M. Co., 89 Ill. 277; Kassing v. Griffith, 86 Ill. 265.

It would be, perhaps, hypercritical to say that no specific request was made for a jury to assess the damages, although technically this is true. But judgments having been ren-

dered at two different times, and on one occasion, at least, without any mention of a jury, it would be unjust to set aside the judgment against all the defendants, where the bill of exceptions does not show when nor by whom the objection was made. If appellants fail by their bill of exceptions to preserve the points upon which they rely, they must suffer the consequences.

It does not appear that any error was made in the assessment of damages.

Other errors are assigned. It is sufficient to say that we find no serious error in the record, and the judgment of the Circuit Court must be affirmed.