## The People, etc., for use of, etc., v. George A. Weimer et al.

1. JUDGMENTS—*When an Assignment is Not a Satisfaction.*—Where the successor in office of a defaulting supervisor paid the debt to a person who had a claim against the town, and who had recovered a judgment on a bond against such defaulting supervisor and his sureties, in an individual capacity, for a sum due from the town, and which payment was made on condition that the judgment on the bond should be assigned to the town, which assignment was made and entered of record, *it was held* that an order of the court in which the judgment was entered that it be satisfied, was erroneous.

2. SAME—*An Assignment Does Not Operate as a Satisfaction.*—When a person pays a judgment creditor the amount of his judgment against another and takes an assignment of it, the judgment creditor is satisfied but the judgment is not.

**Petition to Satisfy a Judgment.**—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the

Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion on rehearing filed March 12, 1901.

David S. Geer, attorney for appellant.

It was error for the Circuit Court, on the law side thereof, on motion, to order, adjudge and decree that a judgment entered at a prior term and affirmed by the Appellate Court be and the same was thereby satisfied in full, unless it appeared that some party to such judgment had paid or satisfied such judgment. Holmes v. Stateler et al., 57 Ill. 209; Guthrie v. Doud, 33 Ill. App. 68; Green v. City of Springfield, 130 Ill. 519; Hawkins v. Harding, 37 Ill. App. 574.

When a person not a judgment debtor pays the judgment creditor the amount of a judgment and takes an assignment, " the judgment is not thereby satisfied. It still remains in full force against the debtor and beneficially in favor of the purchaser, and he may use process of law in the name of the judgment creditor to' obtain satisfaction." McHany v. Schenk, 88 Ill. 364.

Bowles & Bowles, attorneys for appellees.

Mr. Justice Freeman delivered the opinion of the court.

This appeal grows out of an effort on the part of appellees to avoid payment of a judgment rendered against them in the Circuit Court of Cook County and affirmed by this court. (Meilinger v. The People, 83 Ill. App. 436.) That judgment was obtained upon a bond given by appellee Weimer, with the other appellees as sureties, conditioned for the payment by said George A. Weimer, March 15, 1897, of $676.76, with interest.

The said Weimer was at the time the said obligation was incurred, the supervisor of the town of Lemont. As such supervisor it became his duty to pay to Sylvester L. Derby, appellant herein, the sum mentioned, in settlement of an obligation of said town. Having neglected and refused so to do, said Derby caused a proceeding for mandamus to be instituted against Weimer to compel him to pay the debt out of money of the town in his hands. In that suit

the Circuit Court found from the evidence that said Weimer had " unlawfully withheld from the relator the sum of $676.75, with interest thereon from August 20, 1896," and issued a peremptory writ of mandamus commanding payment. Weimer sought to reverse that judgment by writ of error to the Appellate Court; but that court affirmed the judgment, and held that it was the duty of said Weimer " as the supervisor of the town, to pay the claim on demand, he having been ordered so to do and having in his hands the necessary funds." Weimer v. The People, 72 Ill. App. 119.

Weimer having failed to comply with the peremptory writ of mandamus, a rule was entered requiring him to show cause why he should not be punished for contempt; and it was in order to obtain a continuance of the hearing upon that rule that the bond above referred to was given, upon which subsequently the judgment was obtained which it is the object of the present proceeding to evade.

Appellees now seek to have said judgment satisfied of record without pretending to have paid it or any part thereof. The grounds upon which this effort is based are set forth in a petition filed in the Circuit Court, in which, after reciting the course of the litigation, it is represented that April 5, 1897, John B. Wagner succeeded Weimer as supervisor of Lemont, and that as such supervisor he was substituted for said Weimer in the mandamus proceeding then pending in the Appellate Court; that subsequently as such supervisor said Wagner paid to appellant Derby the full sum due him from said town, with interest and costs; and that thereupon the mandamus order or judgment was satisfied and the cause, it is said, dismissed. In other words, the town of Lemont having paid its indebtedness to Derby through Wagner, its new supervisor, successor in that office to said Weimer, and the claim of Derby against the town having been satisfied, it is contended that Weimer and his sureties are now entitled to have the judgment in debt also satisfied, which was entered for the use of appellant Derby in an action on the bond given to secure payment of the

same indebtedness by Weimer. It is admitted that payment has been made, as stated, but there is evidence tending to show that such payment was, in effect, a purchase by the town of Lemont of said judgment on Weimer's bond; and it appears to be sufficiently shown that the payment was made by the town on condition that the judgment held by appellant against Weimer and his sureties should be assigned to the town, and that such assignment has been made of record. It is conceded, apparently, at least the evidence so shows, that Weimer has never paid to the town nor to appellant, nor to any one for the use of either of them, any portion of the money which it was found by the Appellate Court he unlawfully withholds.

The Circuit Court, upon this showing, found in favor of appellees, and ordered that the judgment upon the bond in favor of the People for the use of Derby, notwithstanding its assignment to the town of Lemont, be satisfied in full, and directed the clerk to enter a minute of such order upon the judgment docket containing the entry of said judgment. It is from that order this appeal is prosecuted.

We regard the order appealed from as erroneous. It is not disputed that the town has parted with this money twice, once to Weimer, its unfaithful official, and now again by its payment to appellant. The testimony is not contradicted, though it is said to have been erroneously stricken from the record, that the judgment in debt on said bond has been legally assigned to the town of Lemont, and was so assigned even before it had been affirmed in this court. (Meilinger v. The People, *supra.*) Yet this order of the Circuit Court, now appealed from, is entered in a proceeding to which the town of Lemont, the assignee and owner of said judgment, is not a party and in which it has not been heard.

But waiving any objections to the method of procedure or manner in which the order appealed from was entered, we are of opinion that the payment by the town of its debt, if the purchase of the judgment against appellees be so considered, is not in any sense to be deemed a payment

of · the said judgment against appellees. The bond upon which that judgment in debt was obtained was given by Weimer, not in his official capacity as supervisor, but in his individual capacity as a defaulter. He had been formally adjudged guilty of unlawfully withholding this money. He gave the bond in question to avoid being sent to jail for his persistent refusal to pay over the money of the town which it was found should have been in his hands. In affirming that judgment now sought to be satisfied without being paid, we said that if Weimer " had obeyed the order of the Circuit Court and paid over as commanded the money he unlawfully withheld, no such obligation would have been required of him." He has never paid it, either to the town, whose trusted official he was, nor to Derby, for whose use the bond was given. Under this state of facts we can not agree with the contention that the payment of the town's debt to Derby and assignment by the latter to the town of his judgment for the same money against appellee Weimer personally, is in any sense a payment of the latter judgment, or entitles appellees to have the same satisfied of record. It is argued that Derby had no claim against Weimer and his sureties individually. In this we can not concur. That is just what he did have when he obtained judgment on the bond. There is, we think, no just distinction between the sale of such judgment to the town and its sale to some third party.

It is urged by appellees' attorneys in their brief that " the question at issue in this case is, has Sylvester L. Derby been paid the amount of money found due him in the order. entered by Judge Burke, February 27, 1897," in the mandamus proceeding. This is not the only question. There is another, viz.: Has George A. Weimer paid over the money he was found in that suit to be unlawfully withholding, in accordance with the condition of the bond which he gave in his individual capacity, with the other appellees as sureties? It is proven that he has not. It is true that if Weimer had himself paid this money to Derby, then both his own obligation and that of the town would have been sat-

isfied.  But the payment to Derby by the town has only satisfied the town's obligation.  It has in no sense satisfied Weimer's individual obligation.  It is true also, that inasmuch as the town has paid Derby the amount of its obligation, Derby, in case he collects this judgment against Weimer or it is collected in his name, would be compelled to repay the town.  But as said in McHany v. Schenk, 88 Ill. 357 (364), "Counsel are mistaken in supposing that when a person pays a judgment creditor the amount of his judgment against another, and takes an assignment, the judgment is thereby satisfied.  The judgment creditor·is satisfied, but not the judgment."

We are of opinion, therefore, that the bond given by Weimer to avoid compliance with the peremptory writ of mandamus and keep out of jail for wrongfully withholding payment, was his individual obligation as it purported to be, and was given to satisfy his individual liability, not alone that of the town; that subsequent payment by the town of its own liability was not, under the facts in evidence, intended to be, nor was it in fact, a satisfaction of Weimer's obligation under his bond, nor of the judgment againt appellees thereon.  That judgment is an existing liability which can only be satisfied by payment, which payment, when made, must inure to the benefit of the town of Lemont.

The orders of the Circuit Court are reversed and the cause remanded.