William Whitney, Defendant in Error, v. The Fred D. Jones Company, Plaintiff in Error.

### Gen. No. 17,208.

1. PLEADING—*when affidavit of merits of defense improperly stricken.* Where the practice in the Municipal Court of Chicago

requires a defendant to set up his defense by an affidavit of merits and a rule of court provides that if a defense is "clearly unfounded in law" the affidavit may be stricken out, in an action for salary and commissions, an affidavit that the employee was discharged for cause on working for a competitor in violation of his contract and asking for a recoupment, alleging that the affiant does not know the "exact length of time during which the plaintiff sold goods for a competing firm," nor the amount of goods so sold, should not be stricken.

2. MUNICIPAL COURTS—*right to assessment of damages by jury.* If a defendant in the Municipal Court of Chicago pays the jury fee, he is entitled to have the damages assessed by a jury, even if the affidavit of merits is stricken, provided he demand that there be such an assessment by a jury.

3. MASTER AND SERVANT—*when employee working for competitor may be discharged.* Where an employee contracts to devote his entire time to his employer and secretly sells goods of a competing firm, he may be discharged and is not entitled to either his salary or commission.

Error to the Municipal Court of Chicago; the HON. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed and remanded. Opinion filed October 22, 1912.

JULIUS N. HELDMAN and SIMON LAGROU, for plaintiff in error.

MCEWEN, WEISSENBACK, SHRIMSKI & MELOAN, for defendant in error; JEROME J. CERMAK, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case there was a recovery by the defendant in error of $643.84, being for two months' salary at $75 per month and commissions claimed to be due for sales made.

An affidavit of defense was filed by the defendant which set up in the form required by the rule that affiant, being an officer of the defendant, had, as the affiant believed, a good defense to all of the plaintiff's demand. It further set up that there was a contract between plaintiff and defendant, by which plaintiff

was to receive a salary of $75 per month and 6½% on all goods sold after collection for the same had been made; that plaintiff agreed to devote his entire time and attention to the business of defendant and to faithfully serve it; that plaintiff was discharged in September, 1910, for cause. The affidavit further alleged that for a long time prior to that date the plaintiff, while in the employ of defendant, was secretly carrying merchandise of another firm by the name of Strelitz Brothers, who were competitors of the defendant; that he had made arrangements prior to his discharge by the defendant to enter the employ of Strelitz Brothers, and that his only purpose in continuing with the defendant was to obtain information as to the defendant's business. The affidavit further recited that the plaintiff was not faithfully serving the defendant nor devoting his entire time to the business of defendant, by reason whereof he was discharged for cause. The affidavit then proceeds with a claim in the nature of a demand in recoupment, and concludes by alleging that the defendant has suffered damages in excess of the amount claimed by plaintiff to be due him, and asks for judgment in its favor.

This affidavit was on motion of the plaintiff "stricken out," and a judgment entered in favor of the plaintiff for the full amount claimed in his statement. We think this action was erroneous. Rule 22 of the Municipal Court provides that if it appears from the affidavit that the defense relied upon is "clearly unfounded in law" the affidavit may be "stricken out" and judgment entered as may be just. We think in this case the defense relied upon was not "clearly unfounded in law." The statement included, as heretofore stated, a claim for two months' salary as well as for commissions claimed to have been earned. The affidavit of defense alleged that under the contract plaintiff was to devote all of his time to the business of defendant and, in effect, that he had not done so. It is perfectly clear, we think, that an employee in such

a case as this is not entitled to payment, either of salary or commission, if the evidence shows that he did not comply with the provisions of his contract with his employer, but on the contrary worked in the interest of someone else, a competitor of his employer, and devoted part of his time to the service of such other employer in violation of his contract.

The principal argument on behalf of the plaintiff, who is the defendant in error here, is as to that part of the affidavit which relates to the claim in recoupment made by the defendant, and emphasis is laid upon the fact that in the affidavit affiant states in effect that he does not know the "exact length of time during which the plaintiff sold goods for a competing firm," nor the amount of goods so sold. It may be that the defendant did not know and could not know the amount of time that was spent by plaintiff in selling goods for a competing firm, nor the amount of goods so sold by him. Under common-law pleading the defendant would have been permitted to set up the matter in a plea and in it fix the damages claimed at any amount it chose. · Under the practice in the Municipal Court, however, the defense must be shown by affidavit. Under these circumstances the most that could be expected of the defendant would be to put in the affidavit an estimate of the amount claimed by it. At the trial it might be able to prove by the testimony of plaintiff or in other ways the amount of its damages.

The record discloses the fact that a jury was demanded by the defendant. Under these circumstances it would seem that he was entitled in any event to have an assessment of damages by a jury, provided the jury fee was paid. Williams v. Gottschalk, 231 Ill. 175; Chicago Sect. Elec. Underground Co. v. Congdon Brake Shoe Mfg. Co., 111 Ill. 309; Reed v. Horne, 73 Ill. 598. The point, however, is not raised by the assignments of error.

We think the court erred in entering the order

"striking out" the affidavit of defense, and the judgment will therefore be reversed and the cause remanded.

<em>Reversed and remanded.</em>