## LEVY et al. v. TRADESMEN'S STATE BANK.

No. 8619—Opinion Filed Dec. 11, 1918.

(176 Pac. 512.)

(Syllabus.)

1. **Banks and Banking—Service of Summons—Degree of Diligence—Return.**

It is the duty of a sheriff to execute every summons, order, or other process, and return the same according to law. It is not ordinarily required that the officer state the degree of diligence used in his attempt to find the defendant or to execute the process, or, where the defendant is a corporation, to serve its chief officer; and a return that such officer was not found in the county authorizes service of summons on the cashier, the officer's good faith not being directly called in question.

2. **Same—Service on Cashier of Corporation —Return—Attacking Affidavit.**

An officer's amended return to a summons in error served upon a state banking corporation recited that the bank president was not found in the county, and that service therefore was made on the cashier. The bank by affidavits attacked the return as false, claiming that the president was in the county at the time of service and "of easy access to any one desiring to see him." Held, that the attack made did not overcome the officer's return, as the statute per

mits service upon the cashier when the president "is not found in the county."

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by the Tradesmen's State Bank against Leon Levy and others. Judgment for plaintiff, and defendants Leon Levy and Sam Levy bring error. Motion to dismiss overruled.

Ames, Chambers, Lowe & Richardson, for plaintiffs in error.

Harris & Nowlin and George P. Glaze, for defendant in error.

SHARP, C. J. On March 6, 1916, in the district court of Oklahoma county, judgment was rendered in favor of the plaintiff, Tradesmen's State Bank, and against the defendants Leon Levy and Sam Levy, for $8,-893.82, interest, and costs. Motion for new trial being overruled, case-made for appeal was prepared and service thereof accepted by one of the plaintiff's attorneys on September 5, 1916. On September 16th, following, the case-made was returned with a waiver of suggestions of amendments and consent that the case be signed and settled in the absence of plaintiff and without further notice. The case-made was settled on September 18, 1916, and on the same day the petition in error, with case-made attached, was filed in this court. On December 11th, following, the defendant in error filed its motion to dismiss the appeal on the ground of the insufficiency of the sheriff's return to the summons in error. Pending the motion to dismiss, leave was granted plaintiffs in error to amend the return, which was accordingly done, and the amendments filed in this court June 7, 1917. The attack made in the original motion to dismiss was that the return of the sheriff showed service of the summons in error on the cashier of the bank, without it appearing therefrom that the bank's chief officer was not found in the county. The amended return met the objection made to the original, and recited that, "the president, vice president, or other chief officer of said corporation not being found in my county," service was thereupon made upon the cashier. On November 30, 1917, the defendant in error filed a second motion to dismiss the appeal charging that the amended return was false. A number of affidavits have been filed in support of the original and second motion to dismiss the appeal. The affidavit of the deputy sheriff who served the summons in error is also offered in support of the contention that the bank was duly served.

The statute requires that the service of a summons in error shall be made as in the commencement of an action. Section 5238, Rev. L. 1910. Section 4715 requires that a summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer, or upon an agent duly appointed to receive process of summons, or, if its chief officer is not found in the county, upon its cashier or other officers named. As the amended return shows that the president of the corporation was not found in Oklahoma county, such return on its face was sufficient, and should be so held, unless overcome by the attack made upon it. As the case stands, we cannot say that the president of the bank was on the date of the service of the summons in error absent from Oklahoma county. But the statute does not require that he be absent from the county before a valid service of process may be made upon the cashier of the bank. It is when the chief officer "is not found in the county" that the substituted service of summons may be had. The amended return states that the president was not found in Oklahoma county; the affidavits in opposition thereto were to the effect that the president from September 18 to September 22, 1916, was "in and about the banking institution of said Tradesmen's State Bank, and was of easy access to any one desiring to see him." But it is one thing to say that the president was in the county, and could have been found, and quite another that he was not in the county. Both contentions may be, and doubtless were, true. The important question, however, is not that the president was at the time in the county, or that he was "of easy access," but that the officer did not find him in the county.

A very similar question was before the Supreme Court of Illinois in Chicago Sectional Electric Underground Co. v. Congdon Brake Shoe Mfg. Co., 111 Ill. 309. The statute under consideration there provided that:

"An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought; if he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal director, engineer, conductor, station agent, or any agent of said company found in the county."

In the opinion it was said that the statute was evidently designed to authorize service on the other officers and agents named, whenever the president could not be found in the county, without regard to where he might actually be; furthermore, that the

allegation in the plea did not put in issue the return that the sheriff was unable to find the president in the county, but simply that he then resided and was in the county. It was held that the issue tendered by the plea in abatement was immaterial and that the return upon its face was sufficient.

In State ex rel. Kearney v. Finn, 87 Mo. 310, quoting from Commonwealth, for Ashby, v. Gill, 14 B. Mon. (Ky.) 20, speaking of the duty of an officer in the service of summons, the court said:

"All that is required from the sheriff in such cases is that he shall, in good faith, make a reasonable effort to execute the process. If he were required to use all possible efforts to execute a summons in one case, he might thereby lose the opportunity of executing every other process in his hands. He is to act, in each case, honestly and diligently, but with due regard to his duties to all litigants, and to the public. It is upon this principle that he is authorized to return 'not found,' if he go to the dwelling of the party and do not find him there. And these circumstances would excuse the non-execution of the process, unless it should be made to appear that he had a reasonable opportunity of executing it on some other occasion."

It was observed that the "non est" return of the officer includes the assertion that he has made such efforts to find the defendants as the law require he should make, and that the extent of the inquiry to be made by him depends much upon the circumstances. In Neally v. Redman, 5 Iowa, 387, it is said that "when an officer returns that the defendant is not found in his county, he is presumed to have used the necessary diligence, and if he did not, and plaintiff is injured thereby, he has his remedy; but such failure cannot vitiate the return with respect to the diligence exercised by the officer in the service of process. The rule is thus stated in 18 Enc. of Pl. and Pr. 945:

"As a general rule, the officer need not state the degree of diligence used in his attempt to find the defendant or to execute the process, and a return that he did not find the defendant imports that such diligence was exercised as the law requires."

The statute does not contemplate that service may not be had upon the cashier of a bank, unless the president be absent from the county. Neither is it necessary that the officer holding the process must continue until the return day of the writ by repeated efforts to try to locate the president. For serving the summons he received 50 cents, and for making one copy of the summons 25 cents additional. The duties of a president of a bank are such that his regular attendance at the bank is not generally required, while it is customary that the cashier be on hand to give the bank's affairs his daily attention. In such circumstances it would not do to say, nor are we required to do so by the statute, that for the small fee allowed an officer for serving a summons he must continue his efforts to serve the president, no matter how unavailing such efforts may be, until at about the time the writ must be returned, before substituted service on the cashier can be made. The statutes defining the duties of a sheriff in the matter of executing and returning process require promptness and dispatch and the utmost good faith on the part of such officer. By section 5337, Rev. Laws, it is made the duty of the sheriff to—

"execute every summons, order or other process, and return the same as required by law; and if he fail to do so, unless he make it appear to the satisfaction of the court that he was prevented by inevitable accident from so doing, he shall be amerced by the court in a sum not exceeding one thousand dollars, upon motion and ten days' notice, and shall be liable to the action of any person aggrieved by such failure."

When, however, the officer's good faith and the degree of intelligence exercised is not put in issue, unless inferentially, his return that the president of the corporation could not be found in the county is not overcome. We have not overlooked the decisions holding that a corporation cannot be served with summons, except in the manner provided by statute. None of the cases heretofore decided by this court determine the question at bar.

As the amended return of the sheriff, showing service on the bank was not overcome by the attack made upon it, the motion to dismiss should be, and is, overruled.

All the Justices concurring.